Brenda Waites and Charles R. Isbell were divorced in June 1995. The divorce judgment provided that the parties would have joint legal and physical custody of their minor child and that neither parent would pay child support. In April 1997, the mother filed a petition to modify the divorce judgment, requesting that she be awarded primary physical custody of the child and that the father be ordered to pay child support. The State of Alabama intervened on behalf of the mother to seek child support from the father. The trial court awarded the mother primary physical custody, but awarded her no child support. The State filed a post-judgment motion, which the trial court denied. The State appeals, arguing that the trial court erred by not awarding the mother child support.
Child support actions are subject to the mandatory application of the Rule 32, Ala. R. Jud. Admin., child support guidelines.Hepburn v. Hepburn, 659 So.2d 653 (Ala.Civ.App. 1995); Smith v.Smith, 587 So.2d 1217 (Ala.Civ.App. 1991). The trial court has the discretion to deviate from the guidelines if it enters on the record a written finding, supported by evidence presented to it, that the application of the guidelines would be unjust or inequitable. Rule 32(A)(ii); Hepburn. A trial court's failure to follow the guidelines, or to make written a finding that application of the guidelines would be unjust, is reversible err or. Hepburn.
The trial court failed to follow the guidelines or to make the requisite written finding. We reverse the trial court's judgment and remand the cause for the trial court to apply the guidelines or to make a written finding that application of the guidelines would be inequitable.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.