Don Allegro and Angela Lett were divorced by a judgment of the Talladega County Circuit Court on October 22, 1992; two children were born of the marriage. Pursuant to the divorce judgment, Allegro was ordered to pay $400 per month in support for the two children.
On October 30, 1998, the State of Alabama, on behalf of Angela Lett, filed a petition to have Allegro held in contempt for his failure to pay the ordered child support. Allegro filed a motion seeking to decrease his child-support obligation. On January 26, 1999, the trial court entered an order in which it found Allegro in contempt for his willful neglect or failure to pay child support, assessed a child-support arrearage, ordered him to pay $400 per month in child support plus $200 per month toward the accumulated child-support arrearage, and ordered Allegro to pay $98 every two weeks for medical insurance for the children. Allegro filed a postjudgment motion; the trial court denied that motion. Allegro appealed.
Allegro argues that the trial court erred in its application of the Child Support Guidelines contained in Rule 32, Ala. R. Jud. Admin., and in failing to specify in its *Page 914 
order the reasons it deviated from those guidelines. Allegro does not argue that the trial court erred in ordering him to pay an additional $200 per month toward the accumulated child-support arrearage.
The trial court ordered Allegro to pay $400 per month in child support and $212 per month[1] for health insurance for the two children. The cost of health insurance is factored into the calculation of the total child-support obligation. Rule 32(B) (7), Ala. R. Jud. Admin. Thus, the separate award of an amount for health insurance increased Allegro's child-support obligation to $612 per month.
The record does not contain the parties' CS-41 Child Support Obligation Income Statement/Affidavits. See Rule 32(E), Ala. R. Jud. Admin. However, the record contains a CS-42 Child Support Guidelines form that indicates that Allegro earns $1,533 per month and that Lett earns $1,127 per month. The court is unable to determine, from the record and its own calculations, how the trial court determined Allegro's child-support obligation to be $612 per month, excluding the amount he is to pay toward the accumulated child-support arrearage.
A noncustodial parent's child-support obligation is determined by the application of the Rule 32 Child Support Guidelines; the application of those guidelines is mandatory.Nelson v. Landis, 709 So.2d 1299 (Ala.Civ.App. 1998). The trial court may, within its discretion, deviate from the child-support guidelines; however, in doing so, it must enter a written finding, supported by the evidence, that the application of the child-support guidelines would be unjust or inequitable.State ex rel. Waites v. Isbell, 718 So.2d 85 (Ala.Civ.App. 1998); Nelson v. Landis, supra. "A trial court's failure to follow the guidelines or to make a written finding that application of the guidelines would be unjust, is reversible error." State ex rel. Waites, 718 So.2d at 86.
The trial court failed to follow the Rule 32 Child Support Guidelines in calculating Allegro's child-support obligation and it failed to make a written finding regarding whether the application of those guidelines would be inequitable or unjust. We reverse the trial court's judgment and remand the cause for the trial court to enter an order in compliance with Rule 32, Ala. R. Jud. Admin., or to make a written finding that the application of the guidelines would be inequitable.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.
[1] The trial court ordered Allegro to pay $98 every two weeks, which is the equivalent of $212 per month.