On November 16, 1987, the Circuit Court of Boone County, Missouri, entered a judgment in which it divorced Richard M. Wall ("the father") and Beth J. Borosky ("the mother") (hereinafter "the Missouri divorce judgment"). Two children were born of the parties' marriage; both children were minors at the time of the parties' divorce. The Missouri divorce judgment, among other things, awarded the mother physical custody of the parties' children, awarded the father visitation rights, and ordered the father to pay $150 per month in child support until September 1988, at which time his child-support obligation would be either $150, or 20% of his net income, whichever amount was greater. *Page 353 
On March 5, 1996, the Chancery Court for Montgomery County, Tennessee, entered a judgment that modified certain provisions of the Missouri divorce judgment, including the father's child-support obligation (hereinafter "the Tennessee modification judgment"). The Tennessee modification judgment provided, in relevant part:
 "3. [The father's] child-support obligation shall be modified prospectively from February 16, 199[6][1]
as follows: [the father] shall pay child support in the amount of $781 per month directly to [the mother]. The Court finds that [the father's] net income as of the date of the hearing is $2,625 per month. The Court finds that the amount corresponding to said net income would be $833 per month, pursuant to the Tennessee Child Support Guidelines; however, said amount has been reduced by one half during and because of the extra six weeks of visitation that has been allocated to [the father] herein.
 "4. In the future, nineteen percent (19%) of [the father's] net income shall be the basis for setting [the father's] support obligations in addition to [the mother's] being required to purchase two (2) round-trip airline tickets for both children each year.
". . . .
 "6. Finally, any modification of the amount of child support ordered herein above, whether a petition seeking an increase or decrease, shall be predicated only upon a showing of a difference of ten percent (10%)."
On March 3, 2000, the mother filed in the trial court a petition seeking to domesticate the Missouri divorce judgment and the Tennessee modification judgment. The mother also petitioned the trial court to modify the father's child-support obligation, to determine any child-support arrearage, and to find the father in contempt for his alleged failure to pay child support. The father counterpetitioned, seeking a reduction in his child-support obligation.
The trial court conducted an ore tenus hearing. On October 3, 2001, the trial court entered a judgment in which it, among other things, determined the father's child-support arrearage and his future child-support obligation. The father filed a postjudgment motion; the trial court denied that motion. The father appealed.
The record indicates that in July 1996, the mother, her current husband, and the children moved to Alabama. The mother is retired from the United States Army; she receives $23,900 annually in retirement pay. The mother has a master's degree in nursing, but she testified that she has chosen not to seek employment as a nurse.
The oldest child, a daughter, was a junior in college and past the age of majority at the time of the hearing in this matter. The mother testified that the daughter's college tuition was $8,000 per year and that she generally incurred $3,000 of additional expenses during the course of the *Page 354 
school year. The Missouri divorce judgment, which was based on an agreement reached by the parties, provided that the parties are each to pay one-half of the children's college expenses. The Tennessee modification judgment did not alter the postminority-support provision contained in the Missouri divorce judgment. The record indicates that each party has paid one-half of the daughter's college expenses.
The father has remarried and resides in Arizona. At the time of the hearing in this matter, the father worked as an independent consultant. The mother maintained at trial that, pursuant to the terms of the Tennessee modification judgment, the father was required to pay 19% of his net monthly income as child support. The father paid $781 per month in child support from March 1996 through November 1998. The father stated that in approximately November 1998, the mother's attorney contacted him about paying approximately 19% of his net income as child support. The father testified that he then began paying child support in an effort to comply with the mother's requests. After November 1998, the father paid child support in amounts varying from $560 per month to $903 per month. The parties apparently attempted to settle the child-support issue several times, but no agreement was ever incorporated into a judgment. This litigation eventually ensued.
At the trial of this matter, the parties presented evidence regarding the father's net monthly income since 1996. Based on that evidence, the trial court determined that the father's net monthly income for the years 1996 through 2000 had been as follows: $2,997 per month in 1996; $1,073 per month in 1997; $1,073 per month in 1998; $1,273 per month in 1999; and $7,767 per month in 2000. The trial court found that the father had earned net income of $1,648 per month in the first half of 2001 and that he had earned $1,140 per month for the last half of 2001. The father has not challenged the trial court's factual findings regarding his net monthly income for the years 1996 though 2001. In its judgment, the trial court determined that the Tennessee modification judgment required the father to pay 19% of his net income in child support, and it calculated the father's child-support arrearage accordingly. The trial court determined that the father owed a total child-support arrearage of $28,137.95.
On appeal, the father first argues that the trial court failed to give "full faith and credit" to the Tennessee modification judgment because, he contends, the trial court misinterpreted that judgment in determining his child-support arrearage.
 "Judgments are to be construed like other written instruments. The rules applicable to the construction and interpretation of judgments are those applicable to the construction and interpretation of contracts. Hanson v. Hearn, 521 So.2d 953 (Ala. 1988). Separate provisions of judgments, like provisions of contracts, should be construed in pari materia, and the entire judgment — all provisions considered — should be read as a whole in the light of all the circumstances, as well as of the conduct of the parties. Id. Further, if the terms of a judgment are not ambiguous, they should be given their usual and ordinary meaning. McClure v. Cassady, 426 So.2d 430
(Ala.Civ.App. 1982)."
Moore v. Graham, 590 So.2d 293, 295 (Ala.Civ.App. 1991). Further, our supreme court has held that:
 "Whether a judgment is ambiguous is a question of law to be determined by the court. If the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning and *Page 355 
their `legal effect must be declared in the light of the literal meaning of the language used' in the judgment. However, if a term in a trial court's judgment is ambiguous, then the trial court's interpretation of that term `is accorded a heavy presumption of correctness and will not be disturbed unless it is palpably erroneous.'"
State Pers. Bd. v. Akers, 797 So.2d 422, 424-25 (Ala. 2000) (citations omitted).
After reviewing the applicable provisions of the Tennessee modification judgment, we conclude that that judgment is unambiguous. Therefore, this court must enforce that judgment according to its clear and literal terms. State Pers. Bd. v. Akers, supra; Vainrib v. Downey, 565 So.2d 647
(Ala.Civ.App. 1990). The Tennessee modification judgment unambiguously provides that the father pay $781 per month in child support. Paragraph 3 of the Tennessee modification judgment clearly provides that the Tennessee court established the father's child-support obligation pursuant to the Tennessee child-support guidelines and that, under those guidelines, the father was to pay $781 per month in child support. Paragraph 4 of the Tennessee modification judgment addresses a potential future modification of the father's child-support obligation. However, that prospective determination regarding a future modification of child support is not binding; a court's determination of whether it should modify the child-support obligation set forth in paragraph 3 of the Tennessee modification judgment would necessarily be based on circumstances that existed at the time the court considered the merits of the proposed modification.
Further, in interpreting possibly conflicting provisions in a judgment, specific terms are given more weight than are more general provisions. Ex parte Dan Tucker Auto Sales, Inc., 718 So.2d 33 (Ala. 1998). See also Moore v. Graham, 590 So.2d at 295 (the rules of construction applicable to contracts apply to the interpretation of a judgment). In this case, paragraph 3 specifically modifies the father's child-support obligation to the amount of $781 per month. Paragraph 4 contains a general reference to a "future" modification of the father's child-support obligation; however, paragraph 4 does not set forth the date at which the future modification should become effective. Therefore, the specific language of paragraph 3 of the Tennessee modification judgment governs in this case. See Ex parte Dan Tucker AutoSales, Inc., supra. Given the foregoing, we must conclude that the trial court erred in its calculation of the father's child-support arrearage.
The father also argues that the trial court erred in failing to establish his child-support obligation pursuant to the Alabama child-support guidelines. In its October 3, 2001, judgment, the trial court ordered the father to pay child support of $1,140 per month, an amount equal to 19% of the father's net monthly income for the year 2001. In reaching that child-support determination, the trial court purported to deny the mother's petition to modify the father's child-support obligation. However, as we have held in this opinion, the father's actual child-support obligation for the parties' two children, as it existed after the entry of the Tennessee modification judgment and before the trial court's October 3, 2001, judgment, was $781 per month. The child-support obligation established by the trial court is $1,140 per month for the parties' one remaining minor child. Thus, in its October 3, 2001, judgment, the trial court has modified the amount of the father's monthly child-support obligation.
The Alabama Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala. *Page 356 
Code 1975, governs whether the trial court had jurisdiction to modify the child-support provisions of the Tennessee modification judgment. Section30-3A-611, Ala. Code 1975, governs the modification of a child-support order or judgment issued by another state where one of the parties has registered the out-of-state child-support order or judgment in Alabama. In order to register an out-of-state child-support order, one of the parties must "file a support order or judgment determining parentage with the clerk of the appropriate court." § 30-3A-101(15), Ala. Code 1975. In this case, the mother sought to "domesticate," or register, both the Missouri divorce judgment and the Tennessee modification judgment. The father did not object, and the trial court granted the mother's motion. Thus, we conclude that the two out-of-state judgments were registered in this state.
At the same time she sought to register the out-of-state judgments, the mother also petitioned for a modification of the father's child-support obligation. See § 30-3A-609, Ala. Code 1975 ("A petition for modification may be filed at the same time as a request for registration, or later."). An Alabama court may modify the registered out-of-state child-support order only if the requirements of §30-3A-611, Ala. Code 1975, are met. § 30-3A-610, Ala. Code 1975. Section 30-3A-611, Ala. Code 1975, provides:
 "(a) After a child-support order issued in another state has been registered in this state, the responding court of this state may modify that order only if Section 30-3A-613
does not apply and after notice and hearing it finds that:
"(1) the following requirements are met:
 "(i) the child, the individual obligee, and the obligor do not reside in the issuing state;
 "(ii) a petitioner who is a nonresident of this state seeks modification; and
 "(iii) the respondent is subject to the personal jurisdiction of the court of this state; or
 "(2) the child, or a party who is an individual, is subject to the personal jurisdiction of the court of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a court of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this chapter, the consent otherwise required of an individual residing in this state is not required for the court to assume jurisdiction to modify the child-support order.
 "(b) Modification of a registered child-support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a court of this state and the order may be enforced and satisfied in the same manner.
 "(c) A court of this state may not modify any aspect of a child-support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child-support orders for the same obligor and child, the order that controls and must be so recognized under Section 30-3A-207
establishes the aspects of the support order which are nonmodifiable.
 "(d) On issuance of an order modifying a child-support order issued in another state, a court of this state becomes the court having continuing, exclusive jurisdiction." *Page 357 
In this case, the mother and the child had moved from Tennessee to Alabama, and the father had moved from Tennessee to Arizona. See §30-3A-611(a)(1)(i). The mother, a resident of Alabama, petitioned for a modification of the father's child-support obligation. The father, a nonresident, then counterpetitioned, also seeking a modification of his child-support obligation. See § 30-3A-611(a)(1)(ii). The mother is subject to the jurisdiction of Alabama's courts. See §30-3A-611(a)(1)(iii). Thus, the trial court had jurisdiction, pursuant to § 30-3A-611(a)(1), Ala. Code 1975, to modify the father's child-support obligation.
The Alabama court's modification of the child-support provisions of the Tennessee modification judgment, however, was subject to the same requirements and procedures that apply to modifications of child-support orders issued by courts of this State. § 30-3A-611(b), Ala. Code 1975.
 "A noncustodial parent's child-support obligation is determined by the application of the Rule 32 Child Support Guidelines; the application of those guidelines is mandatory. Nelson v. Landis, 709 So.2d 1299
(Ala.Civ.App. 1998). The trial court may, within its discretion, deviate from the child-support guidelines; however, in doing so, it must enter a written finding, supported by the evidence, that the application of the child-support guidelines would be unjust or inequitable. State ex rel. Waites v. Isbell, 718 So.2d 85 (Ala.Civ.App. 1998); Nelson v. Landis, supra. `A trial court's failure to follow the guidelines or to make a written finding that application of the guidelines would be unjust, is reversible error.' State ex rel. Waites, 718 So.2d at 86."
Allegro v. State ex rel. Lett, 747 So.2d 913, 914 (Ala.Civ.App. 1999).
In this case, the trial court modified the father's child-support obligation by raising that obligation from $781 per month to $1,140 per month. However, in reaching its determination of child support, the trial court did not apply the Rule 32, Ala. R. Jud. Admin., child-support guidelines. The trial court also failed to make any written finding that it had deviated from the Rule 32 child-support guidelines because the application of those guidelines would be inequitable under the facts of this case. See Allegro v. State ex rel. Lett, supra. Therefore, we conclude that the trial court erred in failing to determine the father's child-support obligation in compliance with the Rule 32 child-support guidelines.
The father also raises an issue related to postminority support for the parties' two children. The Missouri divorce judgment, which incorporated an agreement reached by the parties, provided that each party was to pay one-half of the children's postminority college expenses; the Tennessee modification judgment did not alter that provision. In its October 3, 2001, judgment, the trial court did not make a specific provision regarding the parties' responsibilities regarding postminority support. In paragraph 6 of its October 3, 2001, judgment, the trial court ordered that any provisions of the Missouri divorce judgment or the Tennessee modification judgment that were not modified in its October 3, 2001, judgment would remain in effect. On appeal, the father argues that his postminority-support obligation is not subject to the limitations applicable under Alabama law. See Manring v. Manring, 744 So.2d 919
(Ala.Civ.App. 1999). However, the father makes this argument for the first time on appeal. An appellate court's review is limited to the evidence and arguments raised before the trial court, and it may not consider an *Page 358 
argument raised for the first time on appeal. Abbott v. Hurst,643 So.2d 589 (Ala. 1994); Andrews v. Merritt Oil Co., 612 So.2d 409
(Ala. 1992). Therefore, we must affirm as to this issue.
We reverse the trial court's judgment insofar as it pertains to the father's child-support arrearage and the father's monthly child-support obligation, and we remand this case for further proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.
The mother's request for an attorney fee is denied.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Pittman, J., concurs.
Yates, P.J., concurs in the result.
[1] The judgment actually states that the father's child-support obligation would be modified from "February 16, 1995," but the record indicates that "1995" was a clerical error. The parties testified that the modification of the father's child-support obligation to $781 per month was effective on February 16, 1996. In her brief on appeal, the wife states, for the first time, that the Tennessee modification judgment modified the father's child-support obligation retroactively from February 16, 1995, "which was apparently the date the petition to modify was filed in the State of Tennessee." (Appellee's brief at 5.) There is no evidence in the record to support that assertion, and that assertion directly contradicts the mother's affirmative answer to a question asking whether the father was ordered to pay $781 commencing in March 1996.