# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### SEPTEMBER 3, 2008 Session

## MELODY YOUNG v. DONALD GREGORY GODFREY

**Direct Appeal from the Circuit Court for Marion County**
**No. 16674     Buddy D. Perry, Judge**

_____

**No. M2007-02308-COA-R3-CV - Filed December 19, 2008**

_____

This appeal involves an order entered by an Alabama court in 1996 regarding child custody and support. The trial court modified the order to require the father to pay future and retroactive child support. We vacate the portion of the order dealing with modification, because the trial court lacked jurisdiction to modify the order, and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded**

ALAN E. HIGHERS, P.J.,W.S., delivered the opinion of the court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Melissa Thomas Blevins, Jasper, TN, for Appellant

Jennifer Austin Mitchell, Dunlap, TN, for Appellee

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Melody Young ("Mother") and Donald Gregory Godfrey ("Father") are the parents of Jacob ("Son"), who was born in 1989. Mother and Father were never married. Mother lives in Tennessee, and Father lives in Alabama. Son lived in Tennessee with Mother for the first few years of his life, and Father would keep Son on weekends. In approximately 1996, Mother became involved in an abusive relationship. According to Mother, she asked Father if Son could live with him because she feared for Son's safety. According to Father, he became concerned about Mother's circumstances and "took action" himself. In any event, the Juvenile Court of Jackson County, Alabama, held a hearing on July 11, 1996, and subsequently entered a "Child Custody Order," which provided, in part:

> This matter came to be heard on July 11, 1996, on the petition of the father for custody of the parties' minor child. . . . The parties and guardian *ad litem* engaged in settlement negotiations and eventually reached a solution which was acceptable to the Court. . . .
>
> It is, THEREFORE, ORDERED, ADJUDGED and DECREED:
>
> 1. . . . [T]he child's custody is subject to this Court's jurisdiction by virtue of a consent decree entered on August 9, 1995. The father has subsequently petitioned the Court for sole custody of the child . . . .

2. The father shall have the primary custody of the parties' minor child. The mother shall have secondary custody of the child. The mother shall have standard visitation with the child as set out on the Court's attached Exhibit "A".

. . . .

4. The mother will provide a policy of health insurance for the child which is equal to or better than the present plan of health insurance provided by the father for the child. The father currently provides insurance for the child through his employer, the city of Scottsboro, Alabama. Alternatively, the mother shall pay to the father child support in the amount of his insurance premium in order that the father may continue providing health insurance on the child. That premium is presently $202.00 per month. The mother shall pay this amount to the father beginning on August 1, 1996 and on the first day of each month thereafter. This child support payment shall be delinquent after the fifth day of each month. Each party shall bear one-half of the child's uninsured medical expenses.

. . . .

10. All prior orders of this Court not in conflict herewith shall remain in full force and effect.

Son lived with Father in Alabama for the next two years, and Mother paid approximately $235 in child support per month.

In 1998, Son returned to Tennessee to live with Mother. Son stayed with Father on weekends and during the summer. Father began paying Mother between $150 and $200 per month in child

support. However, the parties did not return to court, so the 1996 Alabama Order remained in effect.

On March 23, 2006, when Son was seventeen years old, Mother filed a "Petition to Modify and to Enroll Foreign Decree" in the Circuit Court of Marion County, Tennessee, seeking enforcement and modification of the 1996 Alabama Order. Specifically, Mother requested that the court grant her primary custody of Son, order Father to pay child support according to the child support guidelines, and order Father to pay one-half of Son's uncovered medical, dental, and vision expenses. Among other things, Father contended that the trial court lacked jurisdiction to determine the issues presented by Mother, and he argued that the 1996 Alabama Order should remain "the prevailing order" in the case.

The trial court held a hearing on March 27, 2007, and Mother and Father both testified. Son was eighteen years old at the time of the hearing and a junior in high school. On April 27, 2007, the trial court entered an order providing that the 1996 Alabama Order "shall be enrolled, pursuant to T.C.A. § 36-6-229," and further providing that "the Court accepts jurisdiction, pursuant to T.C.A. § 36-6-216 and T.C.A. § 36-6-218, in order to modify the Jackson County, Alabama custody order entered July 11, 1996." The trial court did not address issues of custody or visitation, but it ordered Father to begin paying Mother $732 per month in child support, effective April 1, 2007. The child support would terminate June 1, 2008, after Son graduated from high school. In addition, the trial court found that Father "owed a duty to pay child support pursuant to the Guidelines for the ninety-four (94) months that the minor child resided in the physical custody of [Mother]" and awarded Mother a judgment against Father for "$53,808.00 for the underpayment of child support." Mother

-4-

was also awarded a judgment against Father for $791.89 for uncovered medical and dental expenses incurred on behalf of Son.

Father filed a motion to alter or amend the judgment, which the trial court granted in part, reducing Father's arrearage to $26,465.94. Father timely filed a notice of appeal.

## II. ISSUES PRESENTED

On appeal, Father presents the following issues for review, slightly restated:

1. Whether the trial court erred in finding that it had subject matter jurisdiction;

2. Whether the trial court erred in failing to impute income to Mother for purposes of calculating child support because she was willfully unemployed;

3. Whether the trial court erred in retroactively modifying the order of the Juvenile Court of Jackson County, Alabama;

4. Whether the trial court erred in calculating the child support arrearage owed to Mother;

5. Whether the trial court erred in awarding attorney's fees.

For the following reasons, we vacate a portion of the decision of the circuit court and remand for further proceedings.

## III. STANDARD OF REVIEW

Whether a court has jurisdiction is a question of law, which we review de novo with no presumption of correctness of the trial court's ruling. ***Button v. Waite***, 208 S.W.3d 366, 369 (Tenn. 2006) (citing *State v. Cawood*, 134 S.W.3d 159, 163 (Tenn. 2004)). "The concept of subject matter jurisdiction implicates a court's power to adjudicate a particular type of case or controversy." ***Staats v. McKinnon***, 206 S.W.3d 532, 541-42 (Tenn. Ct. App. 2006) (citing *Osborn v. Marr*, 127 S.W.3d 737, 739 (Tenn. 2004); *Toms v. Toms*, 98 S.W.3d 140, 143 (Tenn. 2003); *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn. Ct. App. 2001)). Parties cannot confer subject matter jurisdiction on a trial court by appearance, plea, consent, silence, or waiver. ***Id.*** at 542 (citing *State ex rel. Dep't of Soc. Servs. v. Wright*, 736 S.W.2d 84, 85 n.2 (Tenn. 1987); *Team Design v. Gottlieb*, 104 S.W.3d 512, 527 (Tenn. Ct. App. 2002)).

## IV. DISCUSSION

### A. Subject Matter Jurisdiction

On appeal, Father argues that the trial court lacked jurisdiction to modify the 1996 Alabama Order as to child support.[1] Interstate jurisdictional questions regarding child support and arrearage matters are governed by the Uniform Interstate Family Support Act ("UIFSA"), Tenn. Code Ann. § 36-5-2001, *et seq*. ***State ex rel. Strickland v. Copley***, No. W2007-01839-COA-R3-CV, 2008 WL

---

[1] On appeal, Father does not challenge the registration of the 1996 Alabama Order in Tennessee for enforcement. He simply challenges the trial court's jurisdiction to modify the 1996 Alabama Order following registration. Registration of a foreign decree in Tennessee does not automatically grant to Tennessee courts the authority to modify the decree. *See* Tenn. Code Ann. § 36-5-2603(c) ("Except as otherwise provided in this part, a tribunal of this state shall recognize and enforce, but may not modify, a registered order if the issuing tribunal had jurisdiction.").

3875425, at *4 (Tenn. Ct. App. Aug. 21, 2008) (quoting *In re J.B.W.*, No. M2007-02541-COA-R9-CV, 2007 WL 4562885, at *1 (Tenn. Ct. App. Dec. 27, 2007), *perm. app. denied* (Tenn. April 7, 2008)). Before we examine UIFSA, however, we must address Mother's contention that this case involves an action to set child support, rather than a modification action.

## 1. The 1996 Alabama Order

On appeal, Mother argues that the 1996 Alabama Order did not establish a child support obligation and, therefore, the trial court's order did not amount to a modification of child support. According to Mother, "she was never ordered to pay child support and so there was nothing to modify." We disagree.

As previously mentioned, the 1996 Alabama Order stated, in relevant part:

The mother will provide a policy of health insurance for the child which is equal to or better than the present plan of health insurance provided by the father for the child. The father currently provides insurance for the child through his employer, the city of Scottsboro, Alabama. Alternatively, the mother shall pay to the father child support in the amount of his insurance premium in order that the father may continue providing health insurance on the child. That premium is presently $202.00 per month. The mother shall pay this amount to the father beginning on August 1, 1996 and on the first day of each month thereafter. This child support payment shall be

delinquent after the fifth day of each month. Each party shall bear one-half of the child's uninsured medical expenses.

At the hearing before the trial court, Mother was asked if she remitted any child support payments to Father while Son was living in Alabama, to which she responded, "Yes, I did. . . . $235, somewhere in there, a month." She also testified that she had always provided health insurance for Son.

In Alabama, "[t]he cost of health insurance is factored into the calculation of the total child-support obligation." *Allegro v. State ex rel. Lett*, 747 So.2d 913, 914 (Ala. Civ. App. 1999) (citing Ala. R. Jud. Admin. 32(B)(7)). Alabama's child support guidelines provide that the actual cost of a premium to provide health insurance benefits for a child shall be added to the "basic child support obligation" and divided between the parents in proportion to their incomes. Ala. R. Jud. Admin. 32(B)(7) (1993). If the obligor is actually paying the premium, the cost of the health insurance is deducted from the obligor's share of the "total child support obligation." *Id.* In other words, in Alabama, "a trial court is required to determine if a deduction is to be allowed in a monthly child-support obligation based on the fact that health-insurance premiums are being paid on behalf of the child in accordance with Rule 32(B)(7), Ala. R. Jud. Admin." *Volovecky v. Hoffman*, 903 So.2d 844, 848 (Ala. Civ. App. 2004); *Jackson v. Jackson*, 777 So.2d 155, 158 (Ala. Civ. App. 2000). If a deduction is allowed, the insurance premium that the obligor is required to pay is considered part of his "overall child-support obligation." *See, e.g.*, *Mills v. Dailey*, No. 2060807, --- So.2d ----, 2008 WL 2623930, at *4 (Ala. Civ. App. July 3, 2008).

From our review of the 1996 Alabama Order, it appears that the juvenile court was acting in compliance with the applicable child support guidelines in ordering Mother to pay child support directly to Father if she did not pay the health insurance premiums.  There is nothing in the record to explain how the juvenile court calculated the amount of child support Mother owed, but that issue is not before us.  Regardless of whether Mother actually paid Son's health insurance premium, or "child support" directly to Father, we conclude that the Alabama court did establish Mother's child support obligation, and her argument to the contrary is without merit.

## 2.  Modification of Child Support Provisions

"The Uniform Interstate Family Support Act, Tenn. Code Ann. § 36-5-2201, *et seq.*, controls the establishment, enforcement, or modification of support orders across state lines."  ***LeTellier v. LeTellier***, 40 S.W.3d 490, 493 (Tenn. 2001).  In 1996, Congress enacted a law requiring all fifty states to adopt UIFSA by January 1, 1998.  ***Id.*** (citing 42 U.S.C. § 666(f) (1996)).  UIFSA addresses problems that can arise when a parent and child live in one state, but the obligor parent lives in another state.  ***State ex rel. La Selva v. Ziomek***, No. E2005-00542-COA-R3-CV, 2006 WL 433635, at *5 (Tenn. Ct. App. Feb. 23, 2006).  "The UIFSA is a complex statute, but it is designed to prevent the occurrence of competing multistate support orders; thus, the ability of one state to modify the prior order of another is extremely limited."  ***Strickland***, 2008 WL 3875425, at *4.  "UIFSA is intended to recognize that only one valid support order may be effective at any one time." ***LeTellier***, 40 S.W.3d at 493 (citation omitted).  Key to this objective is the concept of "continuing exclusive jurisdiction."  ***Id.***  The state that issues a child support order has continuing, exclusive jurisdiction

over that order, and no other state may modify the order as long as the issuing state retains continuing exclusive jurisdiction. *Id.*; *See also* Tenn. Code Ann. § 36-5-2205(d) ("A tribunal of this state shall recognize the continuing, exclusive jurisdiction of a tribunal of another state which has issued a child-support order pursuant to parts 20-29 or a law substantially similar to parts 20-29.").

The issuing tribunal retains continuing, exclusive jurisdiction over a child support order except in narrowly defined circumstances. Tennessee Code Annotated section 36-5-2205 provides, in relevant part:

> (a) A tribunal of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child-support order:
>
> (1) As long as this state remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or
>
> (2) Until all of the parties who are individuals have filed written consents with the tribunal of this state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

Alabama's version of the statute similarly provides:

> (a) A court of this state issuing a support order consistent with the law of this state has continuing, exclusive jurisdiction over a child-support order:

(1) as long as this state remains the residence of the obligor, the individual obligee,

or the child for whose benefit the support order is issued; or

(2) until all of the parties who are individuals have filed written consents with the

court of this state for a tribunal of another state to modify the order and assume

continuing, exclusive jurisdiction.

Ala. Code § 30-3A-205. In sum, "[a] Tennessee court may not modify a child support order from another state unless that state has lost its continuing, exclusive jurisdiction because neither parent nor the child still resides in that state or the parties consent in writing for another state to assume jurisdiction to modify." *Cliburn v. Bergeron*, No. M2002-01386-COA-R3-CV, No. M2001-03157-COA-R3-CV, 2002 WL 31890868, at *11 (Tenn. Ct. App. Dec. 31, 2002). As long as the issuing state retains its continuing, exclusive jurisdiction over its child support order, a registering sister state is precluded from modifying that order. Tenn. Code Ann. § 36-5-2611, official comment.[2]

Accordingly, Tennessee Code Annotated section 36-5-2611(a) confers subject matter jurisdiction on a Tennessee court to modify a sister state's child support order as follows:

---

[2] Courts give substantial deference to the "Comments to Official Text" contained throughout UIFSA. *LeTellier*, 40 S.W.3d at 493, n.2. Although the comments are not binding, they are "very persuasive in interpreting the statute to which they apply." *Id.* (quoting *Smith v. First Union Nat'l Bank*, 958 S.W.2d 113, 116 (Tenn. Ct. App. 1997)).

(a) After a child support order issued in another state has been registered in this state, the responding tribunal of this state may modify that order only if § 36-5-2613 does not apply and after notice and hearing it finds that:

(1) The following requirements are met:

(A) *The child, the individual obligee, and the obligor do not reside in the issuing state*;

(B) *A petitioner who is a nonresident of this state seeks modification*; and

(C) The respondent is subject to the personal jurisdiction of the tribunal of this state; *or*

(2) The child, or a party who is an individual, is subject to the personal jurisdiction of the tribunal of this state and *all of the parties who are individuals have filed written consents* in the issuing tribunal for a tribunal of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. . . .

(emphasis added). It is undisputed in this case that Father remains a resident of Alabama, and the petitioner seeking modification is a resident of this state. In addition, there is no indication that the parties filed written consent in Alabama for the Circuit Court of Marion County, Tennessee, to modify the 1996 Alabama Order. Therefore, the Alabama court retained continuing, exclusive jurisdiction over the 1996 Alabama Order, and the trial court was without subject matter jurisdiction

-12-

to modify the Order. Based on the resolution of this jurisdictional issue, it is not necessary for us to consider Father's additional issues.

## V. CONCLUSION

For the aforementioned reasons, we vacate the judgment of the circuit court to the extent that the court modified the child support provisions of the 1996 Alabama Order. We note, however, that Father did not raise an issue on appeal regarding the registration of the 1996 Alabama Order for enforcement. The 1996 Alabama Order required Father to pay "one-half of the child's uninsured medical expenses," and Mother's petition to enroll the decree sought a judgment for Father's share of unpaid medical expenses. The trial court initially entered a judgment against Father for $791.89 for uncovered medical and dental expenses incurred by Mother on behalf of Son. This portion of the judgment would not be disturbed by our ruling regarding the trial court's lack of jurisdiction to modify the decree. From our review of the amended order, however, it is not clear whether the trial court altered or eliminated the portion of the judgment regarding uncovered medical expenses. Therefore, on remand, the trial court should address this limited enforcement issue. Costs of this

appeal are taxed to the appellee, Melody Young, for which execution may issue if necessary.


_____

ALAN E. HIGHERS, P.J., W.S.