THOMPSON, Presiding Judge.
Heather Dee Batchelor (“the mother”) appeals from the judgment of the Mobile Circuit Court (“the trial court”) divorcing her from Jerald B. Batchelor (“the father”). Specifically, the mother . appeals from that portion of the divorce judgment awarding the father primary physical custody of the parties’ only child (“the child”), subject to the mother’s visitation. The father cross-appeals from that portion of the judgment providing that the mother is *706 not required to pay child support to the father.
The mother and the father married in March 2006 and had one child, who was born in June 2007. In May 2010, the father became aware that the mother was having an affair with a former boyfriénd. The parties began seeing a marriage counselor in October 2010. The counselor’s progress notes, which were admitted into evidence, indicate that the mother did not want to preserve the marriage, and in January 2011 she moved out of the marital residence. The father filed a complaint for a divorce on January 14, 2011, in which, among other things, he sought custody of the child. On January 18, 2011, the' father filed a motion for “temporary custody” of the childv The mother filed a counterclaim for a divorce on January 30,- 2011, in which she also sought custody of the child. On February 10, 2011, the trial court entered an order directing the parties to share pendente lite custody of the child; specifically, the parties were to alternate the weeks each exercised custody. As the litigation proceeded, both parties filed motions for contempt against each other for various reasons. Ultimately, a trial of the matter was held on December 9, 2014. On December 16, 2014, the trial court entered a judgment divorcing the parties and awarding custody of .the child to the father. The division of marital property remained pending until the final judgment was entered on January 28,- 2016. Neither party filed a postjudgment motion. The mother timely filed a notice of appeal; the father timely filed a cross-appeal.
On appeal, the only‘issue the mother raises is whether the trial court erred in awarding the father primary physical custody of the child. In her appellate brief, the mother argues that the evidence presented at the trial supported a. determination that she, and not the father, should have been awarded custody of the child. In other words, the mother argues that the evidence was insufficient to support the trial court’s judgment.
The father asserts that the mother’s argument was not • preserved for appellate review. Specifically, he states that, because the trial court made no findings of fact in its judgment awarding custody to the father and because the mother is challenging the sufficiency of the evidence to support that judgment, the mother was required to file a postjudgment motion. She did not do so; therefore, the father says, this issue was not properly preserved.
In New Properties, L.L.C. v. Stewart, 905 So.2d 797, 801-02 (Ala.2004), our supreme court construed Rule 52(b), Ala. R. Civ. P., to require that, in cases in which a judge sits without a jury and does not make findings of fact, a litigant asserting the insufficiency of the evidence must file a postjudgment motion raising that issue in order to preserve it for appeal. In Adams v. Adams, 21 So.3d 1247, 1252-53 (Ala.Civ.App.2009), this court applied the rule set forth in New Properties to the issue of whether an argument pertaining to the sufficiency of the evidence iri a custody case had been preserved for appellate review when no 'postjudgment motion had been filed. In Adams, the trial court modified a previous custody judgment, changing primary physical custody of the children from the mother to the father and ordering the mother to pay the father child support. In the modification judgment, the trial court noted that it had observed the witnesses and that it found that the mother’s testimony was not credible. The trial court also found that both parties hád committed domestic violence during the marriage, so that if any presumption created by the domestic-violence statutes exist *707 ed, that presumption was “canceled out.” Id. at 1252.
Furthermore, the trial court in Adams found that
“ ‘there ha[d] been a material and substantial change of circumstances since the final [divorce judgment], and that the positive good brought about by a change of custody [would] more than offset any disruptive effect caused- by the change in custody. The Court thus [found] that the [father] ha[d] met his -burden of proof_’ ” -

Id.

This court found that the “above-quoted portion of the trial court’s judgment contained] sufficient factual findings to render unnecessary the filing of a post-judgment motion challenging the sufficiency of the evidence pertaining to the custody modification.” Id. at 1253.
In this case, the evidence presented at trial was disputed. However, the trial court made no factual findings pertaining to custody. The judgment simply states: “That the [father] is awarded custody of the minor child born of the marriage ...,” subject to certain conditions and the mother’s visitation. Therefore, on the authority of New Properties and Adams, the mother was required to file a postjudgnient motion challenging the sufficiency of the evidence supporting the trial court’s custody award. Because she did not, we have no choice but to conclude that the mother failed to preserve this issue for appellate review. New Props., supra.
In his cross-appeal, the father contends that the trial court erred in failing to order the mother to pay child support.[1] The record indicates that the mother and the father each completed Form CS-41 income affidavits, as required by Rule 32(E), Ala. R. Jud. Admin. On his form, the father stated that he earned $5,244.74 each month, or $62,936.88. annually. Form CS-42, which reflects each party’s child-support obligation, also indicates that the father pays health insurance of $555 each month. On her form, the mother stated that she earned $3,238 each month, or $38,856 annually. The mother also noted that she paid $138.33 each month for work-related child, care, and $54.92 each month for dental insurance.
The Form CS-42 included in the record indicates that the father’s monthly child-support obligation would be $427; the mother’s obligation would be $547. In its judgment, however, the trial court stated that it was not ordering the mother to pay child support, adding “this is a.deviation from the Guidelines, of Rule 32, [Ala. R. Jud. Admin,,], and is based .on the [mother’s], inability to pay child support.” ...
Rule 32(A) and (C), Ala. R. Jud. Admin., provide a method for determining the amount of child support according to the parents’ combined incomes and a schedule of basic child-support obligations. There is a rebuttable presumption that the amount of child support calculated pursuant to the Rule 32 guidelines is the “correct amount of child support to be awarded.” Rule 32(A), Ala. R. Jud. Admin.
“When the court determines that the application of the guidelines would be .manifestly .unjust or inequitable and then deviates from those guidelines. in setting a support obligation, the court must make the findings required by Rule 32(A)(ii), Ala. R. Jud. Admin. M.S.H. v. C.A.H., [829 So.2d 164 (Ala.Civ.App.2002)] (citing Thomas [v. Norman], 766 So.2d [857] at 859 [ (Ala.Civ.App.2000) ]). Rule 32(A), Ala. R. Jud. Admin., allows the trial court to *708 deviate from the guidelines so long as the deviation is based on ‘evidence presented in court’ contained in a ‘written finding on the record.’ In other words, the subsection requires the trial court to state a reason justifying its deviation from the guidelines. However, because child support is for the' benefit of the minor child, see State ex rel. Shellhouse v. Bentley, 666 So.2d 617, 518 (Ala.Civ.App.1995), the best interest of the child is the controlling consideration of the trial court in any action seeking to modify child support. Gautney v. Raymond, 709 So.2d 1279, 1281 (Ala.Civ.App.1998).”
DeYoung v. DeYoung, 853 So.2d 967, 970 (Ala.Civ.App.2002).
“A court may deviate from the amount of child support recommended by the calculation pursuant to the CS-42 form, but the trial court must make written findings of fact to support that deviation.” T.C.S. v. D.O., 156 So.3d 418, 420 (Ala.Civ.App.2014) (emphasis added); see also Ex parte Moore, 805 So.2d 715, 719 (Ala.2001) (to support a deviation from the Rule 32 guidelines, the trial court “must make written findings of fact based upon evidence presented to it”).
In Parker v. Parker, 946 So.2d 480, 487 (Ala.Civ.App.2006), the father in that case argued that the trial court had abused its discretion by not ordering the mother to pay child support based on tier “ ‘apparent lack of income.’ ” Specifically, the father argued that the trial court had failed to comply with the mandate in Rule 32 that the court explain why it chose to deviate from the child-support guidelines.
We agreed with the father’s argument in Parker, writing:
“The trial court’s judgment did not award the father any child support from the mother because of her ‘apparent lack of income.’
“Rule 32(A)(ii), Ala. R. Jud. Admin., requires a trial court to justify why application of the child-support guidelines would be unjust or inequitable. “‘A trial court’s failure to follow the guidelines or to make written a finding that application of the guidelines would be unjust, is reversible error.” ’ Robinson v. Robinson, 795 So.2d 729, 734 (Ala.Civ.App.2001) (quoting State ex rel. Waites v. Isbell, 718 So.2d 85, 86 (Ala.Civ.App.1998)). Were we to construe the ‘apparent lack of income’ phrase to mean that the mother is unemployed and thus cannot pay child support, then perhaps we could affirm the trial court’s judgment as to the issue of child support as being in compliance with Rule 32(A)(ii).
“However, the ‘apparent lack of income’ language does not indicate whether the trial, court made such a factual finding. Either the mother had income or she' did not. The mother’s CS-41 form filed with the trial court two months before the trial indicates that the mother’s income was $975 per month. Additionally, the mother never stated in her testimony that she has no income. Indeed, the mother stated at trial that she was currently employed as a babysitter earning $150 per week on a regular basis, and that she had been employed as a babysitter for two and a half months during the three months preceding the trial.
“Furthermore, the mother admitted she completed her CS-41 form inaccurately when she marked that she was unemployed. On the same form she also noted that she was earning $975 per month in employment income.
“One could construe the trial court’s judgment to mean that the lack of an award of child support was because the trial court found that the mother lacked adequate income. However, such a gen *709 erous interpretation reads more into the judgment than is there, and we decline to construe the judgment in such a way. Certainly, the trial court did not make any ‘written finding on the record indicating that the application of the guidelines would be unjust or inappropriate,’ as required by Rule 32(A), Ala. R. Jud. Admin., and which would have been sufficient to rebut the presumption that the child-support guidelines should be followed.
“Importantly, Rule 32(A)(ii), Ala. R. Jud. Admin., provides the only potential basis under which the trial court’s judgment in this case could comply with the requirement to justify a deviation from the child-support guidelines. It provides that a written finding indicating that the application of the guidelines would be unjust or inappropriate is sufficient to rebut the presumption that the guidelines provide the correct amount to be awarded, if that finding is based upon
“ ‘[a] determination by the court, based upon evidence presented in court and stating the reasons therefore, that application of the guidelines would be manifestly unjust or inequitable.’
“Rule 32(A)(ii), Ala. R. Jud. Admin.”
946 So.2d at 487-88.
In this case, according to the CS-42 form contained in the record, the trial court calculated that the mother’s share of child support would be $602 a month, less the approximately $55 each month she was paying for dental insurance, for a total monthly child-support obligation of $547. Nonetheless, the trial court did not order the mother to pay any child support, “based on the [mother’s] inability to pay child support.”
A review of the record indicates that none of the reasons set forth in Rule 32(A)(1) allowing for deviation from the child-support guidelines, for example, shared custody, extraordinary travel expenses, or college expenses, are present in this case. Furthermore, as the father pointed out in his brief on appeal, because he was awarded primary physical custody of the child, the mother will no longer have the monthly expense of $138.33 for work-related child care that she had included on her income affidavit.
The trial court did not state any factual ground to support its conclusory statement that the mother was unable to pay child support. The trial court also did not make a finding that application of the child-support guidelines in this case would be manifestly unjust or inequitable. As the judgment is written, this court is left to guess at the factual basis for the trial court’s reason for deviating from the Rule 32 child-support guidelines, and, thus, we cannot conduct a proper review of the propriety of the trial court’s refusal to order the mother to pay child support.
For the reasons set forth above, we affirm that portion of the trial court’s judgment awarding primary physical custody of the child to the father. However, because the trial court did not make a clear factual finding in compliance with Rule 32, Ala. R, Jud.- Admin., we reverse that portion of the judgment refusing to require the mother to pay child support, and we remand this cause to the trial court for it to determine whether its conclusion that the mother is unable to pay child support “is warranted, and, if so, to justify in writing the reason why application of the child-support guidelines would be ‘unjust or inappropriate’ ” or inequitable. Parker, 946 So.2d at 489.
The mother’s request for an attorney fee on appeal is denied.
APPEAL — AFFIRMED.
*710 . CROSS-APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS. .
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur. . .

. The mother did not- file a responsive brief to the father’s cross-appeal.