Rel: September 20, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2024

_____

### CL-2023-0856

_____

**Myia Nicole Sampson**

**v.**

**Jonathan Coachman**

**Appeal from Houston Circuit Court**
**(DR-22-900358)**

FRIDY, Judge.

Myia Nicole Sampson ("the mother") appeals from a judgment of the Montgomery Circuit Court ("the trial court") divorcing her from Jonathan Coachman ("the father"), awarding the mother and the father joint legal and joint physical custody of their two children, and

determining that neither parent is required to pay child support to the other. For the reasons set forth herein, we reverse the judgment and remand the cause to the trial court.

Background

The mother raises only one contention on appeal, that is, that in deciding that neither party would be required to pay child support to the other, the trial court failed to comply with the child-support guidelines set forth in Rule 32, Ala. R. Jud. Admin. Therefore, we limit our discussion of the facts to those necessary for us to address the mother's contention.

The parties married on December 15, 2016. At that time, they had a one-year-old child. About ten months after the marriage, their second child was born. On December 19, 2022, the mother filed a complaint for divorce against the father. In the complaint, the mother asked for sole physical custody of the children and requested child support pursuant to the Rule 32 child-support guidelines. On January 6, 2023, the father answered the complaint and filed a counterclaim for divorce in which he sought joint physical and joint legal custody of the children and asked that child support be calculated in accordance with such a custody award.

2

At the time of trial, held on October 19, 2023, the children were eight years old and five years old. They lived in the marital residence in Headland, in a neighborhood that the mother described as "close-knit, friendly, [and] safe" and where the children had friends and a large yard in which to play. She said that the balance owed on the note for the mortgage on the marital residence was $202,323 and that the monthly mortgage payment was $1,094. She testified that she had looked into refinancing the mortgage note and that interest rates on home loans had risen from 3.5%, which was the interest rate on their existing mortgage, to between 7% and 7.5% at the time of the trial. She stated that she had been unable to find a rental property comparable to the marital residence for the same price but that she had found an apartment that rented for $1,500 per month.

The mother testified that she would like for the children to be able to continue to live in the marital residence with her and that she would like the father to continue to pay the mortgage note each month for a set period, at which time she would be required to refinance the house in her name. She said that she would be willing to refinance the house sooner if interest rates fell to 4% before the established time expired.

The mother said she worked from home as a client-service representative for Ciox Health, earning a gross income of approximately $2,100 per month. At the time of the trial, the father said, he worked as a probation officer with the Alabama Bureau of Pardons and Paroles and with the federal Bureau of Alcohol, Tobacco, Firearms, and Explosives but that he was paid by the State of Alabama only. He testified that, around the time of the trial, he had been receiving only his base pay, which was net pay of about $1,500 every two weeks. He introduced a pay stub from September 2022 that showed a gross income of $3,132.42 for a two-week period and a net income of $1,712.58. He also submitted a pay stub from May 2023 showing a gross income of $2,692.48 for a two-week period, with a net income of $1,986.08. The father explained that the difference in the amounts of his pay was attributable to overtime pay, but he agreed his net pay was generally between $3,400 and $3,500 per month and that his net base income was about $3,000 per month.

During cross examination of the father, the mother's attorney challenged the figures that the father had submitted concerning his income, arguing that they "significantly understate[]" his annual pay. When the wife's attorney reviewed the deposits made into the father's

checking account, the father agreed that his income for a thirteen-month period that ended in April 2023 was $52,901.61, or about $4,069 per month. The parties' 2022 tax return, which was admitted into evidence, indicated that they had a combined adjusted gross income of $88,089.

On October 20, 2023, the trial court entered a judgment divorcing the parties. It did not include any factual findings in the judgment. The trial court awarded the mother and the father joint legal and joint physical custody of the children; the parties were to alternate the weeks each exercised custody. It also established a holiday and vacation schedule for the mother and the father to follow. In the judgment, the trial court wrote: "Neither party is ordered to pay child support to the other and no arrearage is owed by either party." The judgment required the parties to divide evenly the expenses for the extracurricular activities in which the children participated, it provided that the father was to maintain health insurance for the children, and it required the mother to reimburse the father for half of any noncovered health expenses that the children incurred. The trial court also divided the parties' marital property and directed that neither party was to pay the other periodic alimony.

On November 6, 2023, the mother filed a standardized child-support-obligation income statement/affidavit, also known as a Form CS-41. On that form, she claimed a gross monthly income of $2,698.80. The record does not contain a Form CS-41 from the father. It also does not contain a standardized child-support-guidelines form, known as a Form CS-42, completed after the trial, although it does contain such a form, dated March 10, 2023, seven months before the trial, which the mother's attorney had completed. The mother did not file a motion to alter, amend, or vacate the judgment. On November 29, 2023, she filed a notice of appeal to this court.

Analysis

As mentioned, the mother's sole contention is that the trial court failed to follow the Rule 32 child-support guidelines when it determined that neither party would be required to pay child support to the other. We first consider whether, in light of the mother's failure to file a motion to alter, amend, or vacate, this issue is preserved for our review.

In Batchelor v. Batchelor, 188 So. 3d 704 (Ala. Civ. App. 2015), a husband and wife divorced. As part of the divorce judgment, which did not include any factual findings, the husband was awarded "primary

6

physical custody" of the parties' only child; the wife was not required to pay child-support to the husband. Batchelor, 188 S. 3d at 705-06. The wife appealed the custody award, but, because she had failed to file a postjudgment motion challenging the sufficiency of the evidence, this court determined that the issue was not preserved for appellate review. Id. at 707 (citing New Props., LLC v. Stewart, 905 So. 2d 797, 801-02 (Ala. 2004) (holding that when a court enters a judgment after a bench trial and does not make factual findings, a litigant asserting insufficiency of the evidence must file a postjudgment motion raising that issue to preserve it for appeal) and Adams v. Adams, 21 So. 3d 1247, 1252-53 (Ala. Civ. App. 2009) (holding that the rule set forth in New Properties applies in custody cases).

The husband in Batchelor filed an appeal challenging the trial court's determination that the wife was not required to pay child support. Batchelor, 188 So. 3d at 707. This court addressed the issue even though the husband had not filed a postjudgment motion. We concluded that because the trial court had not made a finding of fact that application of the child-support guidelines would be manifestly unjust or inequitable -- and this court would be left to guess at the factual basis for the trial

7

court's decision to deviate from the Rule 32 child-support guidelines -- that portion of the judgment refusing to require the mother to pay child support was reversed. Id. at 709. Here, because the mother contends that the trial court erred in failing to comply with the requirements of Rule 32, on the authority of Batchelor, we will address the mother's appeal on the merits even though she does not challenge the sufficiency of the evidence.

Turning now to those merits, the mother argues that the trial court did not have income-statement/affidavit forms from the parties when it made its child-support decision, it did not complete a child-support-guidelines form to calculate child support, and it did not set forth in writing its reason for deviating from the child-support guidelines.

"The application of the Rule 32 [, Ala. R. Jud. Admin.,] child-support guidelines is mandatory." Cate v. Cate, 370 So. 3d 560, 565 (Ala. Civ. App. 2022); § 30-3-155, Ala. Code 1975. Determining the amount of a parent's child-support obligation by applying the guidelines is presumed to result in the correct amount. Rule 32(A), Ala. R. Jud. Admin. However, the "presumption may be rebutted if the trial court makes a finding of fact that, based upon the evidence presented, the application of the

8

guidelines would be manifestly unjust or inequitable." <u>Hutchins v. Hutchins</u>, 637 So. 2d 1371, 1374 (Ala. Civ. App. 1994); Rule 32(A)(ii), Ala. R. Jud. Admin. For example, when a trial court properly orders joint physical custody to the parties, payment of child support by one spouse to the other is not mandatory. <u>McElheny v. Peplinski</u>, 66 So. 3d 274, 282 (Ala. Civ. App. 2010). However, "'any deviation is improper if it is not justified in writing.'" <u>R.N.P. v. S.W.W.</u>, [Ms. CL-2022-1291, Aug. 25, 2023] ___ So. 3d ___, ___ (Ala. Civ. App. 2023)(quoting <u>J.M. v. D.V.</u>, 877 S. 2d 623, 630 (Ala. Civ. App. 2003)). "'A trial court's failure to follow the guidelines or to make written a finding that application of the guidelines would be unjust, is reversible error.'" <u>Robinson v. Robinson</u>, 795 So. 2d 729, 734 (Ala. Civ. App. 2001) (quoting <u>State ex rel. Waites v. Isbell</u>, 718 So. 2d 85, 86 (Ala. Civ. App. 1998)).

Here, the trial court deviated from the Rule 32 guidelines when it directed that no child support would be ordered. However, it did not include a written finding that application of the guidelines in this case would be unjust or inequitable. As a result, the judgment must be reversed, and the cause remanded for the trial court to enter a new judgment regarding child support that either awards child support in the

amount called for by the child-support guidelines or justifies in writing any deviation from such an award. See Crenshaw v. Crenshaw, 386 So. 3d 42, 55-56 (Ala. Civ. App. 2023).

Moreover, in Martin v. Martin, 637 So. 2d 901, 902 (Ala. Civ. App. 1994), this court held that Rule 32(E), Ala. R. Jud. Admin., mandates the filing of a standardized child-support-guidelines form (a Form CS-42) and a child-support-obligation income statement/affidavit form (a Form CS-41). Evidence in this case indicates that, although the mother's gross income appears to be stable at $2,100 per month, the father's gross monthly income varied. Therefore, on remand, the parties are directed to each submit an income statement on Form CS-41, and the trial court is to calculate their respective child-support obligations using Form CS-42 before determining whether a deviation from the amounts derived from those calculations is warranted.

## Conclusion

The judgment of the trial court is reversed, and the cause is remanded for the parties and the trial court to comply with the requirements of Rule 32, Ala. R. Jud. Admin.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Moore, P.J., and Edwards, Hanson, and Lewis, JJ., concur.