William M. Downs ("the husband") and Denise Ann Downs ("the first wife") were divorced by a November 21, 1995, judgment of the trial court. That divorce judgment incorporated an agreement reached by the parties that provided, in pertinent part:
 "The husband and [the first] wife agree that they will maintain the $75,000 life-insurance policy presently in force with Allstate [Life] Insurance Company by each paying one-half the monthly premiums until such time as said policy is paid up. The parties agree that the *Page 770 
husband will pay his one-half [of] the premium in the amount of $35 per month to the [first] wife and that the [first] wife will pay the total premium when due."
At the time of the divorce judgment, the first wife was listed as the beneficiary of the life insurance policy ("the life insurance policy") issued by Allstate Life Insurance Company ("Allstate"). After the husband and the first wife divorced, the husband married Julie Downs ("the second wife"). In October 2004, the husband changed the beneficiary of the life insurance policy to the second wife, rather than the first wife. It is undisputed that the husband and the first wife continued to comply with the payment portion of the above-quoted provision (hereinafter "the relevant provision") of the divorce judgment by each paving ½ of the premiums until the husband's death on December 20, 2004. Following the husband's death, the first wife and the second wife each contacted Allstate to assert a claim to the proceeds of the life insurance policy.
Faced with the competing claims, Allstate filed in the trial court a complaint for interpleader, paying the proceeds of the insurance policy plus interest into the trial court. In its complaint, Allstate requested, among other things, that the trial court determine the lawful beneficiary of the insurance policy and that it be discharged from any further liability in the matter and dismissed from the action. The first wife and the second wife each filed motions for a summary judgment in which each asserted a claim to the proceeds of the life insurance policy.
In August 2005, the trial court entered an order dismissing Allstate as a party to the action. See Rule 22(b), Ala. R. Civ. P. ("Any party seeking interpleader . . . may deposit with the court the amount claimed, . . . and the court may thereupon order such party discharged from liability as to such claims, and the action continued as between the claimants of such money or property."). The trial court certified that order as final pursuant to Rule 54(b), Ala. R. Civ. P., and neither the first wife nor the second wife appealed that order. Allstate is not a party to this appeal.
Also in August 2005, the trial court received oral arguments on the remaining parties' claims to the proceeds of the life insurance policy. On June 21, 2006, the trial court entered a judgment in favor of the first wife. In ruling in favor of the first wife, the trial court found that the relevant provision of the divorce judgment restricted the husband from altering the beneficiary of the life insurance policy. The second wife timely appealed, challenging that conclusion. The appeal was transferred to this court by our supreme court pursuant to § 12-2-7, Ala. Code 1975.
The pertinent facts of this case, set forth above, are not in dispute. The issue to be resolved in this appeal is whether the trial court correctly concluded that the relevant provision of the divorce judgment prohibited the husband from changing the designation of the beneficiary of the life insurance policy from the first wife to the second wife.
 "The trial court based its decision on the pleadings, documentary and other evidence introduced at the hearing on the motion for a summary judgment, and arguments of counsel. `[W]hen a trial court sits in judgment on facts that are undisputed, an appellate court will determine whether the trial court misapplied the law to those undisputed facts.' Craig Constr. Co. v. Hendrix, 568 So.2d 752, 756 (Ala. 1990). . . . `"[O]n appeal, the ruling on a question of law carries no presumption of correctness, and this Court's review is de novo."' Rogers Found. Repair, Inc. v. Powell, *Page 771 
 748 So.2d 869, 871 (Ala. 1999) (quoting Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)). See also Hacker v. Carlisle, 388 So.2d 947, 950 (Ala. 1980) (trial court's judgment is afforded no presumption of correctness in a case tried without a jury on stipulations, briefs, and documentary evidence and in which no testimony was admitted on any material matter)."
Moss v. Williams, 822 So.2d 392, 394-95 (Ala. 2001).
We note that the appellate courts of this state have considered cases in which a provision of a divorce judgment pertaining to maintaining a life insurance policy specified that the former spouse or the parties' children remain primary beneficiaries or irrevocable beneficiaries of the policy. See Williams v.Williams, 276 Ala. 43, 158 So.2d 901 (1963); Brown v.Brown, 604 So.2d 365 (Ala. 1992); McKinnis v.McKinnis, 564 So.2d 451, 452 (Ala.Civ.App. 1990); andPosey v. Prudential Ins. Co., 383 So.2d 849
(Ala.Civ.App. 1980). In this case, however, the relevant provision does not, through its express language, make reference to maintaining a specific beneficiary. Therefore, the second wife contends that the language of the relevant provision requires only that the parties "maintain" the life insurance policy merely by paying the premiums and that it did not restrict the husband from altering the designation of the beneficiary of the policy. In response, the first wife argues that the relevant provision clearly required the husband and the first wife to preserve the life insurance policy in the same state in which it existed at the time the divorce judgment was entered and, therefore, that she was the only lawful beneficiary under the life insurance policy.
In arguing their positions before this court, both parties contend that the relevant provision is clear and unambiguous. In its June 21, 2006, judgment, the trial court concluded that the provision was unambiguous. "The mere fact that adverse parties contend for different constructions does not of itself force the conclusion that the disputed language is ambiguous."Antram v. Stuyvesant Life Ins. Co., 291 Ala. 716, 720,287 So.2d 837, 840 (1973).
"A judgment of divorce is to be interpreted or construed like other written instruments." Sartin v. Sartin,678 So.2d 1181, 1183 (Ala.Civ.App. 1996).
 "Whether an agreement is ambiguous is a question of law. . . . Terry Cove North v. Baldwin County Sewer Authority, Inc., 480 So.2d 1171 (Ala. 1985). When the agreement is reasonably susceptible to more than one meaning, an ambiguity exists. The instrument is unambiguous if only one reasonable meaning clearly emerges. Blue Cross Blue Shield of Alabama v. Beck, 523 So.2d 121 (Ala.Civ.App. 1988). The words of an agreement are to be given their ordinary meaning, and the intention of the parties is to be derived from the provisions of the contract. Smith v. Citicorp Person-to-Person Financial Centers, Inc., 523 So.2d 308 (Ala. 1985). When the provisions are certain and clear, it is the duty of the trial court to analyze and determine the meaning of the provisions. Pate v. Merchants National Bank of Mobile, 428 So.2d 37 (Ala. 1983)."
Vainrib v. Downey, 565 So.2d 647, 648
(Ala.Civ.App. 1990). "Consistent with the foregoing principles, our cases hold that a trial court has the inherent authority to interpret, implement, or enforce its own judgments."Jardine v. Jardine, 918 So.2d 127, 131
(Ala.Civ.App. 2005).
In determining that the relevant provision of the divorce judgment was unambiguous, the trial court concluded: *Page 772 
 "[T]he court first looks to the applicable provision of the separation agreement and the plain language therein. The wording of said provision states that, the husband and [the first] wife agree that they will maintain, the insurance policy presently in force. As defined in Black's Law Dictionary, to `maintain' means to `hold or preserve in any particular state of condition; keep from change.'"
In reaching its ultimate determination with regard to the merits, the trial court concluded:
 "That [the husband] did not `maintain' the life-insurance policy in its existing state as it was when he and [the first wife] entered into their separation agreement. [The husband] did cause the policy's beneficiary to be changed to reflect the name of [the second wife]. The separation agreement clearly mandates that the changing of any of the policy's provisions, including that of the named beneficiaries, was prohibited. Upon the signing of the separation agreement between [the husband] and [the first wife], each of them became vested with an equitable interest in the policy and neither of them retained the power to change the then-named beneficiaries."
The second wife advocates that we apply other definitions fromBlack's Law Dictionary of the word "maintain" instead of the definition cited by the trial court in its judgment. However, in interpreting the relevant provision, the word "maintain" is not to be read in isolation, and the entire provision must be examined in determining its meaning. This court has explained:
 "[I]n Horsley v. Horsley, 390 So.2d 1058
(Ala.Civ.App.), cert. denied, 390 So.2d 1060
(Ala. 1980), we stated the rule for construction of judgments when we said:
 "`Judgments and decrees are to be construed like other written instruments, and, if there is any uncertainty, the court must construe them so as to express the intent of the parties. Price v. Price, Ala.Civ.App., 360 So.2d 340 (1978); Reeder v. Reeder, Ala. Civ. App., 356 So.2d 202 (1978). Such intent can be derived from the provisions of the agreement. Reeder v. Reeder, supra.'
 "Thus, where a judgment can be construed in such a manner as to express the intention of the parties, it must stand."
Epperson v. Epperson, 437 So.2d 571, 572 (Ala.Civ.App. 1983) (emphasis added). Further, "`[a]mbiguities will not be inserted into contracts [(or judgments)] by strained and twisted meaning where no such ambiguities exist.'" Ex parteAwtrey Realty Co., 827 So.2d 104, 108 (Ala. 2001) (quotingP S Bus., Inc. v. South Cent. Bell Tel. Co.,466 So.2d 928, 931 (Ala. 1985), citing Michigan Mut. Liab. Co.v. Carroll, 271 Ala. 404, 123 So.2d 920 (1960)).
In this case, the clear language of the relevant provision of the divorce judgment requires that the husband and the first wife "maintain the $75,000 life-insurance policy presentlyin force with Allstate. . . ." (Emphasis added.) The provision specifies that the policy will be maintained by the husband and the first wife sharing the cost of the premiums. Importantly, although the husband and the first wife were to share the cost of the premiums, the relevant provision specified that after receiving the husband's share of the premium for the life insurance policy, the first wife was to pay the total premium to the insurance company. Thus, the specification that the first wife be in charge of ensuring that the policy premiums be paid indicates that the trial court and the parties *Page 773 
intended to allow the first wife to protect and maintain her interest in the policy by ensuring that the premiums were in fact paid and were paid in a timely fashion. It is difficult to accept that the first wife would agree, or the trial court would order her, to be the party in charge of preserving the insurance policy on the husband's life but allow for the possibility that her doing so would inure to the benefit of a different beneficiary, such as the second wife. In interpreting a judgment, "[w]e are free to review `all the relevant circumstances surrounding the judgment,' and `the entire judgment . . . should be read as a whole in the light of all the circumstances as well as of the conduct of the parties.'"Boykin v. Law, 946 So.2d 838, 848 (Ala. 2006) (quotingHanson v. Hearn, 521 So.2d 953, 955 (Ala. 1988)).
In this case, the trial court determined that the relevant provision confined the husband to maintaining the policy, including the designation of the beneficiary, as it existed at the time of the divorce judgment. "Such a construction is a reasonable reading of the parties' intent." Gilliland v.Gilliland, 422 So.2d 299, 301 (Ala.Civ.App. 1982). We affirm the trial court's determination that the relevant provision of the divorce judgment unambiguously prohibited the alteration of the designation of the beneficiary from that that existed at the time of the divorce judgment. Accordingly, the trial court's judgment in favor of the first wife is affirmed.
AFFIRMED.
PITTMAN and BRYAN, JJ., concur.
MOORE, J., dissents, with writing, which THOMAS, J., joins.