PITTMAN, Judge.
 

 Jo Ann W. Cockrell (“the wife”) and Willie James Cockrell (“the husband”) were married on May 29, 1977. On July 21, 2006, the wife filed a complaint seeking, among other things, a divorce from the husband, an equitable division of the parties’ marital assets and debts, and an award of an attorney fee. In the complaint, the wife asserted that the parties had separated in January 2006 and that they were the parents of two children, both of whom had reached the age of majority by the time the wife filed the complaint. The husband subsequently filed an answer in which he denied all claims asserted by the wife.
 

 In February 2007, the wife filed an emergency motion for sole possession of the marital residence pending a final hearing in the action; in that motion, she asserted that the husband had previously been convicted of domestic violence and that, since she had initiated the divorce action, he had threatened one of the parties’ children who was living with the wife in the marital residence. On March 28, 2007, the date set for a hearing on the wife’s motion, the parties filed a settlement agreement in which the husband was awarded pendente lite possession of the marital residence. In exchange for sole possession of the residence, the husband agreed (1) to make all future monthly payments on the note secured by the mortgage on that property, (2) to hold the wife harmless from that existing debt, and (3) to refinance the debt secured by the marital residence into his name “as soon as possible.”
 

 The trial court conducted an ore tenus proceeding on December 5, 2007, during which both parties testified. The record reflects the fact that no court reporter was present at the time of the proceeding.
 
 [1]
 
 The trial court entered a judgment on
 
 *715
 
 December 27, 2007, divorcing the parties. That judgment awarded the wife a piece of residential property that she had purchased during the parties’ separation, certain items of personal property located at the marital residence, and a 2002 BMW motor vehicle. The judgment ordered that the marital residence be sold within six months following the date of the judgment and that, after retiring all indebtedness secured by that property, the funds remaining were to be divided equally between the parties. The judgment awarded the husband sole possession of the marital residence until its sale, ordered him — in accordance with the settlement agreement — to refinance the debt on the marital residence under his sole name, and ordered him to make all payments necessary to maintain the residence until sold. In addition, the judgment ordered the husband to pay $1,500 to help defray the wife’s attorney fees.
 

 Both parties filed postjudgment motions; following a hearing, the trial court entered an order denying both motions. The husband filed a timely appeal from the divorce judgment; the wife did not file a cross-appeal. The husband first challenges the wording of the judgment on the ground that it contains, he says, inconsistent and contradictory provisions. He also contends that the trial court erred in dividing the marital debts and assets in a manner that, he claims, is inequitable.
 

 Regarding the husband’s first contention, we note that divorce judgments should “be interpreted or construed like other written instruments.”
 
 Sartin v. Sartin,
 
 678 So.2d 1181, 1183 (Ala.Civ.App.1996);
 
 see also Springer v. Damrich,
 
 993 So.2d 481, 488 (Ala.Civ.App.2008).
 

 “ ‘Separate provisions of judgments, like provisions of contracts, should be construed in pari materia, and the entire judgment — all provisions considered— should be read as a whole in the light of all the circumstances, as well as of the conduct of the parties.... Further, if the terms of a judgment are not ambiguous, they should be given their usual and ordinary meaning.’ ”
 

 Ex parte Snider,
 
 929 So.2d 447, 456-57 (Ala.2005) (quoting
 
 Moore v. Graham,
 
 590 So.2d 293, 295 (Ala.Civ.App.1991));
 
 see also Wall v. Borosky,
 
 850 So.2d 351, 354 (Ala.Civ.App.2002).
 

 When interpreting possibly conflicting provisions in a judgment, specific terms are given more weight than are more general provisions.
 
 See Ex parte Dan Tucker Auto Sales, Inc.,
 
 718 So.2d 33, 36 (Ala.1998). Moreover,
 

 “ ‘where there is a choice between a valid construction and an invalid construction the court has a duty to accept the construction that will uphold, rather than destroy, the [instrument].’
 
 Homes of Legend, Inc. v. McCollough,
 
 776 So.2d 741, 746 (Ala.2000). See also
 
 Clark v. Board of Dental Exam’rs of Georgia,
 
 240 Ga. 289, 294, 240 S.E.2d 250, 254 (1977) (‘ “When a judgment is susceptible of two meanings, one of which would render it illegal and the other proper, that construction will, if reasonably possible, be given it that would render it legal.” ’ (quoting
 
 Byrd v. Goodman,
 
 195 Ga. 621, 25 S.E.2d 34 (1943))).”
 

 Snider,
 
 929 So.2d at 457.
 

 The husband first asserts that the provision of the divorce judgment ordering him to “not further mortgage the residence of the parties in any way, but ... [to] refinance it in his name” is contradictory, thereby rendering the judgment ambiguous and unenforceable. We disagree; we determine that the instruction of the trial court is readily apparent: the husband must not encumber the marital residence
 
 any further,
 
 but, instead, he
 
 *716
 
 must refinance the existing debt into his own name as soon as practical in order to relieve the wife of any liability as to the outstanding debt secured by the marital residence.
 
 [2]
 
 As this court stated in
 
 Downs v. Downs,
 
 978 So.2d 768, 770 (Ala.Civ.App. 2007), “ ‘[t]he mere fact that adverse parties contend for different constructions does not of itself force the conclusion that the disputed language is ambiguous.’ ” (Quoting
 
 Antram v. Stuyvesant Life Ins. Co.,
 
 291 Ala. 716, 720, 287 So.2d 837, 840 (1973).) The husband’s assertions notwithstanding, we perceive no ambiguity in that portion of the divorce judgment.
 

 The husband also contends that paragraphs 9 and 10 of the judgment are contradicted by the language used in paragraph 11. Paragraphs 9 and 10 required the husband to retire an outstanding marital debt owed to an entity referred to in the judgment as Household Finance (for specific work performed on the marital residence) and to pay $1,500 toward the wife’s attorney fees. In paragraph 11, the judgment instructs the parties to pay those “individual debts in their respective names” except as provided in paragraph 3 (which determined the proper disposition of the marital residence and allocated payment of the debts secured by that property to the husband). Again, it appears that the husband is simply misapprehending the judgment.
 

 “Whether a judgment is ambiguous is a question of law to be determined by the court. If the terms of a judgment are not ambiguous, then they must be given their usual and ordinary meaning and their ‘legal effect must be declared in the light of the literal meaning of the language used’ in the judgment.”
 

 Wall,
 
 850 So.2d at 354-55. Moreover, when interpreting a judgment, appellate courts “ ‘are free to review “all relevant circumstances surrounding the judgment,” and “the entire judgment ... should be read as a whole in the light of all the circumstances as well as of the conduct of the parties.” ’ ”
 
 Downs,
 
 978 So.2d at 773 (quoting
 
 Boykin v. Law,
 
 946 So.2d 838, 848 (Ala.2006), quoting in turn
 
 Hanson v. Hearn,
 
 521 So.2d 953, 955 (Ala.1988)). Reading paragraphs 9, 10, and 11
 
 in pan materia,
 
 we see that the judgment assigns the husband the responsibility for paying the marital debt owed to Household Finance. We also observe that the judgment orders the husband to pay $1,500 toward the wife’s attorney fees.
 
 [3]
 
 Paragraph 11, although inartfully drafted, appears to be a “catch-all” provision releasing the parties from each other’s personal debts and ordering each party to retire those “individual debts in their respective names.” The husband contends that the judgment cannot be enforced as written because he is simultaneously released from the wife’s debts and ordered to pay part or all of two debts that are, he says, in the wife’s individual name. The fatal flaw in the husband’s argument is the fact that the record does not contain a single piece of evidence indicating that any of the debts allocated by the judgment are individual debts and not marital debts.
 

 Alabama law is well settled that appellate courts do not presume error. “ ‘In order for this court to consider an error asserted on appeal, that error
 
 *717
 
 must be affirmatively demonstrated by the record.’ ”
 
 Beatty v. Beatty,
 
 991 So.2d 761, 765 (Ala.Civ.App.2008) (quoting
 
 Elliott v. Bud’s Truck & Auto Repair,
 
 656 So.2d 837, 838 (Ala.Civ.App.1995)). As noted previously, the record on appeal does not contain a transcript of the ore tenus hearing, and the husband did not attempt to supply this court with a statement of the evidence pursuant to Rule 10(d), Ala. R.App. P.'
 
 [4]
 
 An appellate court is confined in its review to the appellate record; that record “cannot be changed, altered, or varied on appeal by statements in briefs of counsel,” and the court “cannot assume error or presume the existence of facts as to which the record is silent.”
 
 Quick v. Burton,
 
 960 So.2d 678, 680-81 (Ala.Civ.App.2006).
 

 Accordingly, when, as in this case, “ ‘oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala]. R. [App]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.’ ”
 
 Quick v. Burton,
 
 960 So.2d at 680 (quoting
 
 Rudolph v. Rudolph,
 
 586 So.2d 929, 930 (Ala.Civ.App.1991)). Thus, we affirm the judgment without further addressing the merits of the husband’s appeal.
 

 AFFIRMED.
 

 THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ„ concur.
 

 [1]
 

 . The husband's motion for a new trial contains the notation that no court reporter was present during the ore tenus proceeding; also, the trial court's order denying the parties' postjudgment motions specifically references the fact “that both parties [had been] informed of their right to have a court reporter present at the trial of this case.”
 

 [2]
 

 . The quoted language contained in the judgment almost duplicates the settlement agreement that the parties had filed with the trial court nine months before the divorce trial occurred.
 

 [3]
 

 . A trial court is vested with broad discretion in determining the amount of attorney fees to be awarded in a divorce action.
 
 See, e.g., Curvin v. Curvin,
 
 6 So.3d 1165, 1173 (Ala.Civ.App.2008), and
 
 Murphree v. Murphree,
 
 579 So.2d 634, 637 (Ala.Civ.App.1991).
 

 [4]
 

 . Rule 10(d), Ala. R.App. P., provides, in pertinent part:
 

 "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant’s recollection. The statement, either as approved by the court or as issued by the court after its ruling, shall be filed with the clerk of the trial court, who shall include it in the record on appeal."