REL:  May 12, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### CL-2022-0640

_____

### M.L.W.

### v.

### J.W.

### Appeal from Limestone Juvenile Court
### (JU-21-138.01)

MOORE, Judge.

M.L.W. ("the mother") appeals from a judgment entered by the Limestone Juvenile Court ("the juvenile court") finding S.C. ("the child"), who was born on May 18, 2018, dependent and awarding custody of the child to J.W. ("the maternal grandfather").  We affirm the juvenile court's judgment.

## Procedural History

On May 18, 2021, the maternal grandfather filed a verified complaint, pursuant to Ala. Code 1975, § 12-15-120, a part of the Alabama Juvenile Justice Act ("the AJJA"), Ala. Code 1975, § 12-15-101 et seq., alleging that the child was dependent and that the child was, at the time of the filing of the complaint, in the sole legal and sole physical custody of the mother. In the complaint, the maternal grandfather alleged that the mother had been acting erratically and had exposed the child to illegal substances and that the child had sustained unexplained injuries while in the mother's care. The maternal grandfather requested that the juvenile court award him "temporary" custody of the child pending a "permanency hearing in this matter" to safeguard the child from the jeopardy of being harmed while in the care of the mother. On that same date, the maternal grandfather filed a verified motion for an ex parte order awarding him emergency custody of the child, pursuant to Ala. Code 1975, § 12-15-141.[1] On May 19, 2021, the juvenile court

---

[1]Section 12-15-141 provides, in pertinent part, that a juvenile court may enter an ex parte order of protection on an emergency basis, without

entered an emergency-custody order ("the emergency-custody order") awarding the maternal grandfather emergency custody.

The juvenile court held a hearing on May 20, 2021, to determine whether the emergency-custody order should be dissolved, continued, or modified.[2] After that hearing, the juvenile court entered an order on May 21, 2021 ("the May 21, 2021, order"), indicating that the parties had reached an agreement, pursuant to which the "temporary" custody of the child would remain with the maternal grandfather and Jo.W., the maternal great-grandfather of the child, and the mother would be allowed to visit with the child at the discretion of the maternal grandfather and the maternal great-grandfather. The May 21, 2021, order essentially determined that the emergency-custody order should be

_____

advance notice and a hearing, "upon a showing of verified written or verbal evidence of abuse or neglect injurious to the health or safety of a child subject to a juvenile court proceeding and the likelihood that the abuse or neglect will continue unless the order is issued."

[2]The second sentence of § 12-15-141 provides: "If an emergency order is issued, a hearing, after notice, shall be held within 72 hours of the written evidence or the next judicial business day thereafter, to either dissolve, continue, or modify the order."

modified, but it did not find the child dependent or dispose of the custody of the child.

On August 4, 2021, the juvenile court entered an order scheduling the case for a "dependency hearing," i.e., an adjudicatory hearing to determine whether there is clear and convincing evidence that a child is dependent. See Ala. Code 1975, § 12-15-310.[3] In that order, the juvenile court stated that "temporary" custody would remain with the maternal grandfather until the adjudicatory hearing took place. On August 30,

---

[3]Section 12-15-310 provides, in pertinent part:

"(a) An adjudicatory hearing is a hearing at which evidence is presented for a juvenile court to determine if a child is dependent. At the commencement of the hearing, if the parties are not represented by counsel, they shall be informed of the specific allegations in the petition. The parties shall be permitted to admit or deny the allegations prior to the taking of testimony.

"(b) If the allegations are denied by the parties or if they fail to respond, the juvenile court shall proceed to hear evidence on the petition. The juvenile court shall record its findings on whether the child is dependent. If the juvenile court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition."

2021, the juvenile court conducted the adjudicatory hearing; only the mother testified at that hearing and, at the close of her testimony, she stipulated that the child was dependent. On September 13, 2021, the juvenile court entered an order finding the child dependent based on the mother's stipulation of dependency, providing that custody of the child was to "remain" with the maternal grandfather, and awarding the mother supervised visitation with the child on a limited schedule but allowing the parties to agree to additional visits. The order further provided that a "[d]ispositional [r]eview is set for [December 10, 2021]."

At the "dispositional review" hearing, which actually took place on December 3, 2021, the parties informed the juvenile court that "a special setting for permanency" was necessary. On December 5, 2021, the juvenile court entered an order scheduling a "review and scheduling conference" for February 15, 2022; that order also specified that the child would remain in the custody of the maternal grandfather and G.W., the maternal grandmother, and that the mother would continue to visit with the child in accordance with the September 13, 2021, order, which the juvenile court referred to as "the [d]ependency [o]rder." The juvenile

5

court continued the February 15, 2022, review and scheduling conference to April 11, 2022. When the juvenile court convened court on that date, the juvenile court indicated to the parties that the case had been set for a "final permanency hearing," and no party objected. On April 26, 2022, the juvenile court entered an order, entitled "[p]ermanency [o]rder," finding that the child remained dependent and vesting "the legal and physical custody of [the child] ... in [the maternal grandfather]," subject to an award of unsupervised bi-weekly weekend visitation to the mother, as well as other specified visitation times. The mother filed her notice of appeal to this court on May 9, 2022.

## Jurisdiction

"Before addressing the merits of the issues raised on appeal, we must first consider whether this court has jurisdiction over the mother's appeal. '"[J]urisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."' Singleton v. Graham, 716 So. 2d 224, 225 (Ala. Civ. App. 1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So. 2d 210, 211 (Ala. Civ. App. 1997), quoting in turn Nunn v. Baker, 518 So. 2d 711, 712 (Ala. 1987)). '"'[S]ubject-matter jurisdiction may not be waived; a court's lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.'"' M.B.L. v. G.G.L., 1 So. 3d 1048, 1050 (Ala. Civ. App. 2008) (quoting S.B.U. v. D.G.B., 913 So. 2d 452, 455 (Ala. Civ.

App. 2005), quoting in turn <u>C.J.L. v. M.W.B.</u>, 868 So. 2d 451, 453 (Ala. Civ. App. 2003))."

<u>Fox v. Arnold</u>, 127 So. 3d 417, 421 (Ala. Civ. App. 2012).

We must first decide whether the juvenile court retained jurisdiction to enter its April 26, 2022, order such that the mother appealed from a judgment capable of supporting an appeal. <u>See</u> <u>J.F. v. J.S.</u>, [Ms. 2210399, Dec. 2, 2022] ___ So. 3d ___ (Ala. Civ. App. 2022). In <u>J.F.</u>, this court considered an appeal from a judgment entered by the DeKalb Juvenile Court in January 2022 that purported to modify the custody of L.J.S., who had originally been found to be dependent in August 2019 based on a stipulation of dependency entered between L.J.S.'s mother and father, M.S. and J.S., and her maternal grandparents, J.F. and A.F. The August 2019 dependency judgment awarded custody of L.J.S. to J.F. and A.F. and set the matter for a review hearing to be held in February 2020, after which J.S. was awarded certain specified visitation with L.J.S. in response to a motion that J.S. had filed shortly before the review hearing.

M.S. filed a motion in January 2021 requesting custody of L.J.S. and, after a trial, the DeKalb Juvenile Court entered an order in January 2022, determining that the August 2019 dependency judgment was a final judgment relating to the child's custody and purporting to award joint custody of L.J.S. to J.S. and M.S. On appeal, this court determined that, because the dependency action had been concluded by an award of custody to J.F. and A.F. in the August 2019 dependency judgment, the DeKalb Juvenile Court had lacked jurisdiction to revisit that judgment via the motions filed in the dependency action because neither parent had instituted a new action by filing a complaint seeking a modification of custody. Accordingly, because a void judgment will not support an appeal, this court dismissed the appeal from the January 2022 judgment.

In the present case, this court must determine whether, like in J.F., the juvenile court's April 26, 2022, order was entered without jurisdiction. The mother stipulated that the child was dependent at the August 30, 2021, adjudicatory hearing. The juvenile court then stated: "[B]ased on the stipulation, I'm going to find the child is dependent. And the disposition will be that [the child's] going to remain with [the

maternal grandfather]." The juvenile court then indicated that it was going to award supervised, restricted visitation to the mother but that the limited visitation order would be subject to review at a future hearing. The juvenile court stated:

> "Basically, we'll come back and see how everything is going. And then from there maybe depending on how it goes, maybe we can amend it some more. Maybe we can increase visitation, see where we are there. <u>And then maybe try to look towards getting to the end of this case and getting something more permanent. But for now, everything is just going to be temporary and then we'll just kind of see where we are</u>."

(Emphasis added.) The juvenile court ultimately entered the September 13, 2021, order, finding the child dependent based on the stipulation by the mother, <u>see</u> <u>K.D. v. Jefferson Cnty. Dep't of Hum. Res.</u>, 88 So. 3d 893, 896-97 (Ala. Civ. App. 2012) (affirming a finding of dependency based on the stipulation of the mother in that case), and setting the case for a dispositional-review hearing.

An order finding a child dependent, disposing of the custody of the child, awarding a parent visitation, and setting the matter for further review is considered sufficiently final to support an appeal. <u>See</u> <u>T.C. v. Mac.M.</u>, 96 So. 3d 115, 118 (Ala. Civ. App. 2011), <u>aff'd</u>, <u>Ex parte T.C.</u>, 96

9

So. 3d 123 (Ala. 2012). However, this court has determined that such judgments are final for purposes of appeal not because they terminate the dependency proceedings but because a finding that a child is dependent coupled with a disposition of custody "addresses crucial issues that could result in depriving a parent of the fundamental right to the care and custody of his or her child, whether immediately or in the future"; thus, we have allowed immediate appellate review of such judgments. D.P. v. Limestone Cnty. Dep't of Hum. Res., 28 So. 3d 759, 764 (Ala. Civ. App. 2009). On the other hand, this court does not treat orders that dispose of custody but contemplate ongoing dependency proceedings to be final judgments and subject to change only through a custody-modification action. To the contrary, a juvenile court may retain jurisdiction to conduct a series of dispositional hearings to consider, among other things, whether a child remains dependent and whether the current custodial arrangement serves the best interest of the child. See Ex parte Marshall Cnty. Dep't of Hum. Res., 233 So. 3d 345, 350 n.3, 355 (Ala. 2017); S.P. v. E.T., 957 So. 2d 1127 (Ala. Civ. App. 2005).

10

Section 12-15-311(c), Ala. Code 1975, does not provide that, upon finding a child dependent, a juvenile court is required to immediately dispose of the custody of the child; instead, it provides that a juvenile court may continue a dispositional hearing for a reasonable period to receive evidence bearing on the disposition of a dependent child. Section 12-15-311(c) further states, that, when a juvenile court continues the dispositional hearing, "the juvenile court shall make an appropriate order for temporary care for the child, or the release of the child from temporary care during the period of the continuance, subject to those conditions as the juvenile court may impose." Section 12-15-311(c) specifically authorizes a juvenile court to make a temporary disposition of the custody of a child following an adjudicatory hearing and to set a dispositional hearing for a later date for the purpose of receiving evidence as to the proper disposition of the child that may be developed after the adjudicatory hearing. Pursuant to § 12-15-311(c), a juvenile court may retain jurisdiction to review the case periodically until it decides that the circumstances have stabilized sufficiently to make a judicial

11

determination of the final disposition of the custody of the child. <u>See</u> <u>S.P.</u> <u>v. E.T.</u>, <u>supra</u>.

In the September 13, 2021, order the juvenile court followed the procedure set forth in § 12-15-311(c). The juvenile court did not expressly state in the September 13, 2021, order that it was awarding the maternal grandfather "temporary" custody of the child and the mother "temporary" visitation with the child, but the inclusion of the language at the end of the order calling for a "dispositional review" hearing signaled that the juvenile court was retaining jurisdiction over the case to make a final disposition of the custody of the child consistent with the evidence presented at that hearing. At the very least, the order was ambiguous, permitting this court to examine the record to discern the intent of the juvenile court when rendering the September 13, 2021, order. <u>See</u> <u>Ex parte Door Components, LLC</u>, 171 So. 3d 18, 21 (Ala. Civ. App. 2014) (citing <u>Harvey v. Director of Revenue</u>, 371 S.W.3d 824, 826 (Mo. Ct. App. 2012), for the proposition that an appellate court may consider oral comments of a trial court to ascertain the meaning of an ambiguous

phrase in a judgment); <u>Wall v. Borosky</u>, 850 So. 2d 351, 355 (Ala. Civ. App. 2002).

Giving effect to all the provisions of the September 13, 2021, order, <u>see</u> <u>Hanson v. Hearn</u>, 521 So. 2d 953, 955 (Ala. 1988), and considering the comments of the juvenile court regarding its plans when wording the judgment as well as the procedure that followed the September 13, 2021, order, <u>see</u> <u>Chapman v. Chapman</u>, 634 So. 2d 1024, 1025 (Ala. Civ. App. 1994), it is apparent that the juvenile court did not intend to make a final disposition of the custody of the child in the September 13, 2021, order but, rather, made only a "temporary" custodial arrangement pending a final dispositional hearing in accordance with § 12-15-311(c). Thus, the present case is distinguishable from <u>J.F.</u>

We conclude that the juvenile court acted within its jurisdiction under § 12-15-311(c) in entering the December 5, 2021, order scheduling a dispositional-review hearing and in directing that the child would remain in the custody of the maternal grandfather and G.W. in accordance with the September 13, 2021, order. Because the juvenile court had not yet made a final disposition of the child's custody at that

time, unlike in J.F., supra, there was no need for the mother or any other party to file a custody-modification action. At the April 11, 2022, hearing, the juvenile court received testimony from the mother and the maternal grandfather. During the mother's testimony, counsel for the maternal grandfather stated that the purpose of the hearing was "in the context of juvenile court anyway, what the permanent arrangement for [the child] is going to be." See Downs v. Downs, 978 So. 2d 768, 773 (Ala. Civ. App. 2007) (holding that appellate court can consider all relevant circumstances, including conduct of parties, in deciding meaning of judgment). Counsel for the maternal grandfather then questioned the mother about the circumstances that had changed since the entry of the September 13, 2021, order that would affect the dependency of the child and her ability to care for the child. The hearing concluded after the maternal grandfather testified in support of his position that the child should remain in his custody, and, on April 26, 2022, the juvenile court entered its "[p]ermanency [o]rder."

For the purposes of the AJJA, a "permanency hearing" refers to a hearing, in cases involving the Alabama Department of Human

14

Resources ("DHR"), to determine the "permanency" plan for a child who has been removed from his or her home and has been placed in out-of-home care. See Ala. Code 1975, § 12-15-315. DHR was not involved in this case, so the hearing was not a "permanency hearing" within the meaning of § 12-15-315. However, it is apparent from the context of the underlying proceedings that, in referring to a "permanency hearing," the juvenile court and the parties were referencing a hearing to determine the "permanent" custody arrangement for the child within the meaning of § 12-15-311(c). In that context, the April 26, 2022, "permanency order" was, in substance, a final dispositional order. See Diamond Concrete & Slabs, LLC v. Andalusia-Opp Airport Auth., 103 So. 3d 73, 83 (Ala. Civ. App. 2011) ("[T]he character of a judgment is determined by its substance rather than its descriptive title."); Morgungenko v. Dwayne's Body Shop, 23 So. 3d 671, 674 (Ala. Civ. App. 2009) (holding that substance, not label, determines nature of trial court's action). We conclude, therefore, that the juvenile court retained jurisdiction to enter the April 26, 2022, judgment in accordance with § 12-15-311(c); accordingly, the mother has not appealed from a void judgment.

Analysis

The mother argues on appeal that the juvenile court's determination in the April 26, 2022, judgment that the child remained dependent is not supported by clear and convincing evidence. We note, however, that the juvenile court did not make any specific findings of fact as to the grounds for its findings of dependency in its April 26, 2022, judgment and the mother did not file a postjudgment motion challenging the sufficiency of the evidence in support of that judgment. Rule 52(b), Ala. R. Civ. P., provides, in pertinent part, that,

> "[w]hen findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the court an objection to such findings or has made a motion to amend them or a motion for judgment or a motion for a new trial."

See also New Props., L.L.C. v. Stewart, 905 So. 2d 797, 801-02 (Ala. 2004) ("[I]n a nonjury case in which the trial court makes no specific findings of fact, a party must move for a new trial or otherwise properly raise before the trial court the question relating to the sufficiency or weight of the evidence in order to preserve that question for appellate review.").

16

Because the mother failed to preserve her sole argument for appellate review, we decline to consider the same.  See K.M. v. S.R., 326 So. 3d 1062 (Ala. Civ. App. 2020).  Accordingly, the juvenile court's judgment is affirmed.

AFFIRMED.

Hanson and Fridy, JJ., concur.

Thompson, P.J., concurs in the result, without opinion.

Edwards, J., dissents, with opinion.

CL-2022-0640

EDWARDS, Judge, dissenting.

I respectfully dissent. I do not read Ala. Code 1975, § 12-15-311(c), as broadly as does the majority. In a private dependency action, i.e., a dependency action not involving the Department of Human Resources ("DHR"), there is no entity charged with making reasonable efforts to rehabilitate the parent. See Ala. Code 1975, 12-15-312 (requiring DHR to make reasonable efforts to rehabilitate a parent and to reunite the family in most circumstances). In a private dependency action, the juvenile court is also not required to hold periodic permanency hearings to ensure that efforts to achieve permanency for the child are being made. See Ala. Code 1975, § 12-15-315 (providing that, in cases involving DHR, a juvenile court must hold periodic permanency hearings). Section 12-15-311(c) provides that "the juvenile court may continue the dispositional hearing … for a reasonable period to receive reports and other evidence bearing on the disposition or need for care or rehabilitation." However, in my opinion, setting a private dependency action for review every three or six months after an initial determination of dependency and an initial disposition of the custody of child is not a mere continuance of the

18

dispositional hearing for a "reasonable time" to receive evidence bearing on the child's disposition at or around the time of the dependency determination. Instead, such "reviews" are clearly designed to permit the juvenile court to consider changes in the circumstances of the parent, which changes, in a private dependency action, should form the basis of a petition to modify custody.

The September 2021 judgment, which was entered after the dependency trial, adjudicated S.C. ("the child") dependent, awarded "legal and physical custody" of the child to J.W. ("the maternal grandfather"), and awarded M.L.W. ("the mother") specified visitation.[4]

---

[4]The September 2021 judgment states, in pertinent part:

"[I]t is therefore …

"ORDERED, ADJUDGED, and DECREED BY THE COURT that [the child] is a dependent child ….

"It is FURTHER ORDERED BY THE COURT that the legal and physical custody of [the child] remain with [the maternal grandfather]. …

"….

19

That judgment, unlike the orders that preceded the dependency trial, did not label the custody award as "pendente lite" or "temporary." The juvenile court set and held further review hearings to "see how everything is going" and to consider whether visitation should be modified, but I conclude that it lacked jurisdiction to do so, having previously concluded the private dependency action by declaring the child dependent and disposing of her custody. See J.F. v. J.S., [Ms. 2210399, Dec. 2, 2022] ___ So. 3d ___, ___ (Ala. Civ. App. 2022). The mother failed to file a petition to modify the September 2021 judgment; therefore, I consider the April 26, 2022, judgment void, and I would dismiss the mother's appeal. See J.F., ___ So. 3d at ___.

---

"It is FURTHER ORDERED that a Dispositional Review hearing is set on the 10th day of December 2021, at 9 a.m."

(Capitalization in original.)