Rel: March 21, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

_____

### SC-2023-0561
_____

## Island Girl Outfitters, LLC, and Anthony S. Carver

### v.

## Allied Development of Alabama, LLC

### Appeal from Baldwin Circuit Court
### (CV-22-900259)

MITCHELL, Justice.

Allied Development of Alabama, LLC, owns Eastern Shore Centre, an outdoor shopping mall in Spanish Fort. Island Girl Outfitters, LLC

("IGO"), operated a store there known as Hippie Gurlz, but closed it after the first year of its five-year lease. Allied Development then filed a complaint in the Baldwin Circuit Court, seeking rent and other damages that were due under the lease. The trial court ultimately entered a $94,350 judgment in favor of Allied Development and against IGO and its owner, Anthony S. Carver, who had personally guaranteed IGO's obligations under the lease. IGO and Carver appeal. We affirm.

<u>Facts and Procedural History</u>

In late 2020, IGO entered into a five-year lease with Allied Development for a 2,100-square-foot storefront in Eastern Shore Centre. Under the terms of the lease, IGO was obligated to pay Allied Development a base monthly rent of $3,000 (with escalators at the beginning of years two and four). Carver signed the lease on behalf of IGO and executed a separate guaranty agreement requiring him to personally make any payments that IGO failed to make.

IGO took possession of the leased storefront in January 2021 and opened Hippie Gurlz, a store selling ladies' apparel and accessories, home goods, and related products. But sales were slower than expected, and, by the end of the year, IGO had decided to close the store. IGO vacated

the premises at the end of January 2022. Shortly thereafter, another tenant at Eastern Shore Centre moved its existing store to the former Hippie Gurlz location.

IGO's lease provided that, if it vacated the premises, it would immediately become liable for damages, including future rent owed under the lease and expenses incurred by Allied Development in connection with the default. Six weeks after Hippie Gurlz closed, Allied Development filed a breach-of-contract action against IGO and Carver to enforce that provision.

Allied Development later moved for summary judgment, arguing that it was undisputed that IGO had breached the lease and that, under the terms of the lease and the guaranty agreement, IGO and Carver owed it $89,010 for rent, interest, costs, and fees. Allied Development supported its motion with copies of the lease and the guaranty agreement, along with an affidavit from its employee, Alton Hankins, describing IGO's tenure at Eastern Shore Centre and stating the amount it owed for the remainder of the lease term.

IGO and Carver opposed the summary-judgment motion. They first argued that they had closed Hippie Gurlz only because Allied

Development had failed to properly market and maintain Eastern Shore Centre. Next, they argued that they should not be liable for any future rent owed under the lease because Allied Development had relet the former Hippie Gurlz storefront only a month after they vacated the premises. Finally, they noted that Allied Development had not provided an itemization of the $89,010 in damages it was claiming.

Allied Development then submitted another affidavit from Hankins explaining that it had convinced an existing tenant to move into the Hippie Gurlz storefront because it was a prominent location that Allied Development did not want to remain vacant. But, Hankins noted, that tenant's former location had remained vacant since the move. Hankins further provided a more detailed explanation for the damages Allied Development was claiming, which now totaled $146,910.

Following a hearing, the trial court granted Allied Development's summary-judgment motion in part, holding that there were no genuine issues of material fact as to IGO's and Carver's liability. The trial court then set a damages hearing for the next month. A transcript of that hearing is not in the record, but the trial court later entered a $94,350

4

judgment in favor of Allied Development and against IGO and Carver. They now appeal.

## Standard of Review

On appeal, IGO and Carver challenge both the partial summary judgment holding that IGO had breached its lease with Allied Development and the final judgment entered after a hearing to determine the damages owed Allied Development for that breach. As to the liability determination, "our review is de novo." Nationwide Prop. & Cas. Ins. Co. v. DPF Architects, P.C., 792 So. 2d 369, 372 (Ala. 2000). We apply the same standard the trial court used; that is, we must determine whether there is substantial evidence establishing the existence of a genuine issue of material fact that must be resolved by a fact-finder. Id. In conducting that review, we view the evidence in the light most favorable to the nonmovant and entertain such reasonable inferences as the jury would have been free to draw. Jefferson Cnty. Comm'n v. ECO Pres. Servs., L.L.C., 788 So. 2d 121, 127 (Ala. 2000).

As to damages, we do not have a transcript of the damages hearing before us. But both sides have indicated that the evidence considered by the trial court at that hearing included live testimony. See IGO and

Carver's postjudgment motion to alter, amend, or vacate judgment (stating that the trial court held "a hearing on damages" at which it "heard evidence of damages claimed by the plaintiff and against the defendants for breach of a five-year commercial lease agreement"); appellate brief of Allied Development at 18 (stating that an "ore tenus trial" was conducted). Therefore, we review the trial court's findings of fact concerning its award of damages under the ore tenus rule, and the judgment based on those findings will be reversed only if they are plainly or palpably wrong or against the preponderance of the evidence. Water Works & Sewer Bd. of Prichard v. Synovus Bank, [Ms. SC-2023-0881, May 17, 2024] ___ So. 3d ___, ___ (Ala. 2024).

## Analysis

IGO and Carver first argue that the trial court erred by entering a partial summary judgment holding IGO liable for breach of its lease with Allied Development. They argue that Allied Development could not establish a breach-of-contract claim against them because, they say, Allied Development failed to fulfill its own obligations to adequately market and maintain Eastern Shore Centre. See, e.g., Beauchamp v. Coastal Boat Storage, LLC, 4 So. 3d 443, 450 (Ala. 2008) (explaining that,

6

"'in order to establish that a defendant is liable for a breach of a bilateral contract, a plaintiff must establish that he has performed … under the contract'" (citation omitted)). IGO and Carver state that they submitted evidence to the trial court showing that Allied Development made only minimal efforts to advertise Eastern Shore Centre and that the mall was generally unkempt and in a state of disrepair. Thus, they argue, there were genuine issues of material fact about Allied Development's own performance under the lease -- and, specifically, whether IGO breached the lease -- that should have precluded the trial court from entering summary judgment on the issue of liability.

The problem with IGO and Carver's position is that nowhere in their brief have they identified anything that obligated Allied Development to market or maintain Eastern Shore Centre in any specific manner. "In order to secure a reversal, the appellant has an affirmative duty of showing error upon the record." Certain Underwriters at Lloyd's, London v. Southern Nat. Gas Co., 142 So. 3d 436, 464 (Ala. 2013). "Furthermore, it is not the duty of the appellate court to search the record for evidence to support an appellant's contention of error." Id. at 453. Because IGO and Carver have not shown that Allied Development had a

duty to market and maintain Eastern Shore Centre under the lease, we cannot say that Allied Development breached the lease by marketing and maintaining the mall in a manner that IGO and Carver found to be unsatisfactory. Thus, the trial court's summary judgment on the issue of liability is affirmed.

IGO and Carver next argue that the trial court's award of $94,350 in damages should be reversed because Allied Development relet the former Hippie Gurlz storefront to another tenant only a month after Hippie Gurlz closed. Acknowledging the lower rent that this new tenant was obligated to pay under its lease, IGO and Carver argue that they should be liable for no more than $18,900 in damages.

But it is impossible for us to determine whether IGO and Carver's argument has any merit because we do not know the basis for the trial court's damages calculation or the evidence the trial court considered when making its decision. The trial court's judgment stated only: "Trial conducted; judgment rendered for plaintiff in the amount of $94,350 plus costs of court." And a transcript of the damages hearing -- at which the trial court appears to have heard live testimony -- is not included in the record.

8

Under the ore tenus rule, when a trial court hears live testimony, its findings of fact are presumed correct and the resulting judgment will be reversed only if it is shown to be plainly or palpably wrong or against the preponderance of the evidence. Water Works & Sewer Bd. of Prichard, ___ So. 3d at ___. And an appellant cannot meet its burden of making that showing when a transcript of the evidentiary hearing -- or, if the transcript is unavailable, a "statement of the evidence" that complies with Rule 10(d), Ala. R. App. P. -- is not included in the record on appeal. As our Court of Civil Appeals has succinctly explained, when "'"oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala]. R. [App]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment."'" Cockrell v. Cockrell, 40 So. 3d 712, 717 (Ala. Civ. App. 2009) (citations omitted). In such instances, we must affirm a trial court's judgment and have no need to address the merits of the appellant's underlying arguments. Id. Accordingly, the trial court's damages calculation stands.

## Conclusion

The evidence submitted to the trial court on summary judgment established that there were no genuine issues of material fact about whether (1) IGO had breached its lease with Allied Development and (2) whether Carver was liable for that breach under the terms of the guaranty agreement he executed in conjunction with the lease. And IGO and Carver have failed to show that the trial court's damages calculation is unsupported by the evidence. For these reasons, the $94,350 judgment in favor of Allied Development is affirmed.

AFFIRMED.

Stewart, C.J., and Shaw, Wise, Mendheim, Cook, and McCool, JJ., concur.

Bryan and Sellers, JJ., concur in the result.